EVANS *et al. v.* CALDWELL.

No. 11318. MARCH 15, 1937. REHEARING DENIED MARCH 25, 1937.

*W. M. Sapp, Neely, Marshall & Greene,* for plaintiffs in error.
*R. Carter Pittman* and *Mann & Mann,* contra.
*John M. Slaton,* for persons at interest, not parties.

HUTCHESON, Justice. W. C. Caldwell filed suit against Mrs. Eugene Evans and her minor son, W. R. Evans, for recovery of damages for the loss of services of the plaintiff's minor son, as the result of an injury alleged to have occurred by reason of the negligent operation of an automobile by W. R. Evans, belonging to Mrs. Eugene Evans. The automobile was maintained by Mrs. Evans for the pleasure and comfort of her family, and had been used by W. R. Evans on numerous occasions for his pleasure, comfort, and enjoyment. On the occasion in question the mother allowed him to use the automobile to go to a moving-picture show, with the understanding that the son would come home immediately after the show. After the show the son started to a near-by community to go to a dance, and while on this journey the accident occurred, causing the injury to plaintiff's minor son, who was a passenger in the automobile. The jury on the trial returned a verdict for the plaintiff in the sum of $2000. A motion for new trial was overruled, and the defendants excepted. The judgment was affirmed by the Court of Appeals, and the defendants brought the case to this court by certiorari. Error is assigned on the ruling of the Court of Appeals as follows: "A son living with his mother as a member of the family, having general authority to drive the family

car for pleasure and convenience, is acting within the scope of his authority in so doing, though on a particular night his mother tells him that he may go to a picture-show, but to return home immediately after the show, and after the show he starts to a dance in an adjoining community instead of returning home as he was told to do, and his mother, the owner of the family car, is liable for his negligence in running the car." The application of the law of master and servant or of principal and agent to the "family-car doctrine" is not without difficulty. However, the courts of this State are committed to that doctrine. If the automobile is a family-purpose car, and used by the minor children for their pleasure, comfort, and enjoyment, the car, when used for such purposes is being used in the prosecution of the business of the parent or master, and the children are acting within the scope of their employment in the parent's or master's business. If the car is used for such purpose with the permission and consent of the parent, either express or implied, even though on the particular occasion the parent limits the use of the car to a particular destination and return, such limitation is not a limitation on the *purpose* for which the car is being used. The purpose for which the car is being used and for which consent is given is the pleasure, comfort, and enjoyment of the child. Therefore, if the child disobey the parent and use the car for the same purpose but in a different locality, he is still engaged in the business of the parent, and the parent is liable for the negligence of the child while so engaged. So long as the child uses the car for the *purposes* of pleasure, comfort, and enjoyment, no question of deviation arises, but only a question of disobedience of instruction. Whether or not a parent may limit the *purpose* for which a family car is used to certain types or kinds of pleasure and enjoyment is not involved in the present case.

The Court of Appeals in its opinion gave a thorough and learned discussion of the law involved and of numerous cases concerning the subject, and it would be of no useful purpose for this court to attempt to elaborate thereon. It is sufficient to say that under the "family-car doctrine," which holds sway in this State, the Court of Appeals did not err in the ruling complained of. The assignments of error on the rulings of the Court of Appeals are disposed of by what has been said above.

Error is assigned on the ruling wherein the Court of Appeals held that the trial court did not err in refusing a request to give in charge to the jury the following: "The defendant respectfully requests the court to charge the jury on the doctrine of comparative negligence as the same prevails in the State of Georgia." The Court of Appeals held that the request, under the rulings of this court cited, did not embody a concrete statement of a principle of law, and was insufficient and incomplete. This assignment of error shows no ground for reversal of the decision complained of. It is contended that the evidence on the trial presented the issue of "comparative negligence," and that the Court of Appeals erred in not holding that the trial judge erred in failing to charge the law of "comparative negligence," even without a request to do so. An examination of the decision of the Court of Appeals fails to reveal that it made a ruling in this particular, and an examination of the grounds of the motion for new trial fails to disclose that the assignments of error therein presented any such question to the Court of Appeals for decision. It follows that this contention of the petitioner in certiorari is without merit. The other assignments of error in the petition for certiorari have been carefully considered; and we are of the opinion that they present no reason for reversal of the rulings therein complained of.

*Judgment affirmed. All the Justices concur, except Atkinson, J., who dissents.*