### 30334. CALHOUN v. PAIR.

Decided June 3, 1944.

Roy S. Drennan, for plaintiff.
Douglas, Andrews & Cole, F. Lee Evans, for defendant.

GARDNER, J. Edward Calhoun brought an action against Charles L. Pair for damages caused by injuries to his twelve-year-old son, alleged to have been inflicted by the fourteen-year-old son of Pair. Paragraph 5 of the petition alleges: "That the defendant furnishes a bicycle to his said minor son, for use in going to and from school." Said paragraph was amended by adding the following: "That the defendant furnished the bicycle to his son for the specific purpose of giving the son transportation to and from his home and school, the school being considerable distance from his home, and the son was riding the bicycle with the father's approbation and was therefore the agent and/or servant of the defendant, acting with [in] the scope of his agency and/or employment at the time of the occurrence complained of in this suit." It was further

alleged that Pair's son was riding the bicycle on the sidewalk within the limits of the City of Atlanta in violation of a city ordinance, and while doing so ran over and against the plaintiff's son, breaking an ankle; that the damages caused exceeded $100, the amount for which the suit was brought. The defendant demurred on the ground that no cause of action was set forth either at law or in equity. The court sustained the demurrer, and dismissed the petition. The plaintiff assigns error on that ruling.

This court certified the case to the Supreme Court in the following language: "1. Is a father, who furnishes to his minor son (fourteen years of age) a bicycle for the purpose of using the same to go to and from school, liable to another in damages for injuries received by the other when such injuries are occasioned by the negligent and unlawful use of such bicycle by the minor son, and where such negligence is the proximate cause of the injury? 2. If the answer to the first question is in the affirmative, is such liability based on what is generally termed 'the family purpose doctrine,' or on some other principle of law?" The Supreme Court gave the following answer: "The justices are in disagreement as to the processes of reasoning by which we reach the ultimate conclusion, but we are unanimous in the view that the answer to the first question is, 'No,' and for this reason no answer to the second question is required." *Calhoun* v. *Pair*, 197 *Ga.* 703 (30 S. E. 2d, 180). The judgment of the court below is affirmed.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*