25065.   STEWART v. STEPHENS.

ARGUED MARCH 10, 1969—DECIDED MARCH 20, 1969.

*Joseph E. Cheeley, Charles H. Hyatt, William G. Grant,* for appellant.

*Nall, Miller, Cadenhead & Dennis, Dennis J. Webb,* for appellee.

MOBLEY, Justice.   ■   This case is before this court on grant of the writ of certiorari to the Court of Appeals. *Stephens v. Stewart,* 118 Ga. App. 811 (165 SE2d 572).

The plaintiff brought this action for damages for the death of her sixteen-year-old son, who was killed while swimming in the waters of Lake Sidney Lanier, when run into and cut to death by a boat owned by the defendant and operated by his thirteen-year-old daughter. The evidence was that the boat was owned by the father, the defendant, and was kept by him for the comfort, pleasure, and convenience of his family, and that his daughter was operating the boat, accompanied by a companion, for the pleasure and convenience of herself and her companion, by and with the consent of her father.

The Court of Appeals recognized that the family-purpose doctrine, under its decisions and the decisions of this court, is applicable to automobiles, but held that it would not apply to boats. With the latter ruling we disagree.

This court, in *Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994); *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167); *Levy v. Rubin,* 181 Ga. 187 (182 SE 176); *Evans v. Caldwell,* 184 Ga. 203 (190 SE 582) (not unanimous decisions)

and *Golden v. Medford,* 189 Ga. 614 (7 SE2d 236); *Dunn v. Caylor,* 218 Ga. 256 (127 SE2d 367); and *Ferguson v. Gurley,* 218 Ga. 276 (127 SE2d 462) (full-bench decisions on the question of application of the family-purpose doctrine), has held that the doctrine is applicable to automobiles.

The theory of the doctrine, as held by this court and courts of other jurisdictions, is well expressed in *Hubert v. Harpe,* 181 a. 168, 172, supra, quoted approvingly in *Dunn v. Caylor,* 218 Ga. 256, 258, supra, as follows: "A father is under no legal obligation to furnish an automobile for the comfort and pleasure of his child, whether minor or adult; and if he does so, it is a voluntary act on his part. In every such case the question is whether the father has expressly or impliedly made the furnishing of an automobile for such purpose a part of his business, so that one operating the vehicle for that purpose with his consent, express or implied, may be considered as his agent or servant. A child, whether minor or adult, may occupy the position of a servant or agent of his parent, and for his [or her] acts as such the parent may be liable under the principles governing the relation of master and servant or of principal and agent." This court, in *Evans v. Caldwell,* 184 Ga. 203, 204, supra, makes the observation that: "The application of the law of master and servant or of principal and agent to the 'family-car doctrine' is not without difficulty. However, the courts of this State are committed to that doctrine." The court was divided in the *Evans* case; however, the full-bench decisions in *Dunn v. Caylor,* 218 Ga. 256, supra, and *Ferguson v. Gurley,* 218 Ga. 276, supra, apply that rule.

While in each of the cases cited an automobile was the vehicle which the owner provided for the pleasure and convenience of his family, the rule would apply equally as well where the vehicle provided was a boat. This is not an extension of the family-purpose doctrine to boats, but is simply the application of the rule of master and servant, or principal and agent, to boats as well as to automobiles. It would be illogical to hold otherwise, for the controlling test is not whether the child is operating an automobile or a boat, but whether she is using the car or boat for a purpose for which the parent provided it, with the permis-

sion of the parent, express or implied. See *Dunn v. Caylor,* 218 Ga. 256, 258, supra, and cases cited.

The evidence clearly establishes that the father provided this boat for the convenience and pleasure of himself and his family and that his daughter was operating the boat on this occasion with his permission for her and her friend's pleasure and convenience.

The Court of Appeals erred in holding that the family-purpose doctrine does not apply in cases where the vehicle used to commit the tort is a boat, and in holding that the defendant father would not be liable for the negligence of his daughter in the operation of the boat at the time and place the boat struck and killed the plaintiff's child.

■ Alleged as error in the petition for certiorari is the ruling of the Court of Appeals that the trial court erred in reading to the jury in its charge a section of the regulations promulgated by the State Game and Fish Commission, to wit: "[T]he owner of a watercraft shall be liable for any injury or damage occasioned by the negligent operation of such watercraft and damage caused by their weight, or the failure to observe ordinary care. The owner shall not be liable, however, unless such watercraft was being used with his or her express or implied consent. It shall be presumed that such watercraft is being operated with the knowledge and consent of the owner if, at the time of the injury or damage, it is under the control of a member of his or her immediate family." See Official Compilation, Rules and Regulations of the State of Georgia, Boating Regulation § 260-5.14.

We are of the opinion that the Court of Appeals was correct in holding that the trial court erred in charging this Section. Judge Whitman, for the Court of Appeals, very ably set forth in Division 4 of the opinion the reasons why the charge was error. In view of his exhaustive coverage of the issue, we will limit our discussion to the ruling made by the Court of Appeals which is controlling.

The General Assembly (Ga. L. 1960, pp. 235-245) enacted the "Georgia Motorboat Numbering Act," which in Section 10 delegated to the State Game and Fish Commission authority to adopt all rules and regulations necessary for the administration

and enforcement of the Act, and provided that such rules and regulations, when promulgated, would have the force and effect of law. Section 10A provided that: "The Commission, to promote safety in boating, is hereby authorized to adopt, promulgate and enforce safety rules and regulations relative to boat equipment, operation, lights and navigation rules as the Commission shall deem necessary . . ."

The Court of Appeals ruled thereon as follows: "We believe the Motorboat Numbering Act to have been both a valid exercise of legislative power and a valid delegation of authority. But we find and hold that the Commission exceeded its delegated authority, i.e., the authority to make regulations for the protection of the general public, its health, safety, and general welfare in the area of motorboat operation, when it attempted to promulgate a rule of civil liability between private citizens. We need not decide whether the legislature could have delegated the Commission such authority. In this case the legislature simply did not do so; and the Commission therefore could not act where it had no authority." *Stephens v. Stewart*, 118 Ga. App. 811, supra, p. 816.

The legislature did not, as the Court of Appeals held, delegate to the Game and Fish Commission the authority to adopt and promulgate the regulation that the owner of a watercraft shall be liable for any injury or damages occasioned by the negligent operation of such watercraft, or failure to exercise ordinary care.

The Court of Appeals properly held that the charge complained of was error.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Undercofler, J., who dissents from Division 1 of the opinion.*