## 52189. KIMBELL et al. v. DuBOSE et al.

STOLZ, Judge.

On August 22, 1973, defendant Curtis C. Dunn (hereinafter referred to as "the pilot" or "the son"), was

flying alone a private aircraft owned by defendant Charles C. Dunn (hereinafter "the aircraft owner" or "the father"). While so flying, the engine of the aircraft stopped functioning due to fuel starvation and the pilot attempted an emergency landing on the median strip of Interstate 285 in DeKalb County. In its attempt to make an emergency landing, the aircraft was proceeding in a generally westward direction.

Contemporaneously with the emergency landing attempt, an automobile operated by plaintiff Darlene Kimbell, with her passenger, plaintiff Linda Gail Tapp, was proceeding generally eastward on Interstate 285, and was being followed by another automobile owned by defendant Larry DuBose and operated by his daughter, defendant Roxanne Lee DuBose. The aircraft flew close to the automobiles, but struck neither, and the automobile driven by defendant DuBose struck the automobile being driven by plaintiff Kimbell with resultant injuries to plaintiffs Kimbell and Tapp.

The plaintiffs sued the owner and pilot of the airplane and the owner and driver of the automobile. At the trial of the case, the judge directed a verdict in favor of defendant Charles C. Dunn, the owner of the airplane. The jury returned a verdict in favor of the plaintiffs against defendant Curtis C. Dunn (pilot) and in favor of defendants Larry P. DuBose and Roxanne DuBose, the automobile owner and driver respectively. Judgments were entered in accordance with the foregoing. The judgments in favor of the DuBose defendants were not appealed. The plaintiffs appeal the direction of verdicts in favor of defendant Charles C. Dunn and the denial of their general grounds motion for new trial.

1. The verdicts and judgments were authorized by the evidence. The general grounds of the motion for new trial are without merit.

2. The only issue remaining is whether the "family-purpose doctrine" should be applied to the negligent operation of an airplane. The evidence showed that the airplane was owned by the father, and used for the entertainment and pleasure of himself and his son. The son was an unmarried, unemployed 21-year-old, who lived in his parents' home. The son did part-time

mechanic work on the airplane. The keys to the airplane were kept in a place easily accessible to the son. On the day of the occurrence, the son had taken the keys and flown the airplane without his father's knowledge or consent. He had done so many times in the past. Also, he had never been refused permission to fly the plane. While the son had considerable experience in piloting the aircraft, he had only a student pilot's license, which had become invalid due to the son's failure to meet certain requirements. While some of the foregoing recited facts are disputed by other evidence, on motion for directed verdict all evidence and inferences therefrom are construed against the movant. *Isom v. Schettino,* 129 Ga. App. 73, 75 (1) (199 SE2d 89) and cit. Defendant Charles C. Dunn contends that the family-purpose doctrine does not apply to aircraft. In support of his position, this defendant notes that, prior to the decision of the Supreme Court in *Stewart v. Stephens,* 225 Ga. 185 (1) (166 SE2d 890) (1969)[1], the General Assembly enacted Code Ann. § 105-108.1(b) (Ga. L. 1968, pp. 1416, 1417), providing that "[t]he owner of a watercraft shall be liable for any tort caused by the operation of such watercraft in the same manner and to the same degree as is the owner of an automobile liable for torts caused by its operation." In the statute, provision (a)(1), watercraft is defined as "any boat, vessel or craft *other than a seaplane* used as a means of transportation on water." (Emphasis supplied.) The defendant father also cites Code Ann. §§ 11-101 et seq. (Ga. L. 1933, p. 99) wherein the General Assembly established the rules of liability with respect to owners of aircraft. "Proof of injury inflicted to persons or property on the ground by the operation of any aircraft and contact therewith, or by objects falling or thrown therefrom, shall be prima facie evidence of negligence on the part of the operator of such aircraft in reference to such injury." Code Ann. § 11-105. "The liability of the owner of one aircraft to the owner of another aircraft, or to pilots on either aircraft, for damages caused by

---

[1] "The family-purpose doctrine as applied . . . to automobiles is applicable as well to boats."

collision on land or in the air, shall be determined by the rules of law applicable to torts on land." Code Ann. § 11-106. "The liability of the operator of an aircraft carrying passengers, for injury to or death of such passengers, shall be determined by the rules of law applicable to torts on land arising out of similar relationships." Code Ann. § 11-107 (Ga. L. 1933, pp. 99, 101). The defendant father urges that, since the legislature has not chosen to extend the family-purpose doctrine to aircraft, the maxim "Expressio unius exclusio alterius" applies, thus excluding aircraft from the family-purpose doctrine. We disagree. Code § 105-108 provides "Every person shall be liable for torts committed by his wife, his child, or his servant, by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary."[2]

The above-quoted provision of our law contains no exclusions. We have long ago settled the construction of phrases such as "within the scope of his business."[3]

The principles set forth in Code Ann. § 105-108 have been applied to cases involving aircraft. *Southern Airways Co. v. Sears, Roebuck & Co.,* 106 Ga. App. 615 (127 SE2d 708). Moreover, in Georgia, the family-purpose doctrine was originally conceived as a part of our case law in the landmark decision of *Griffin v. Russell,* 144 Ga. 275 (87 SE 10) (1915). There, in a comprehensive opinion, the Supreme Court placed Georgia among the states wherein the family-purpose doctrine was to be applied. Since *Griffin v. Russell,* supra, this court and the Supreme Court have consistently applied, developed and expanded the doctrine. *Hubert v. Harpe,* 181 Ga. 168 (182 SE 167) (1935); *Ferguson v. Gurley,* 218 Ga. 276 (2) (127 SE2d 462) (1962); *Stewart v. Stephens,* 225 Ga. 185 (1969), supra; and *Phillips v. Dixon,* 236 Ga. 271 (223 SE2d 678) (1976), are but a few of the cases illustrative of this fact. Each of those cases contains a comprehensive discussion of the family-purpose doctrine, which, upon review, compels the

[2]See Editorial Note following Code Ann. § 105-108.
[3]See Editorial Note and Annotations following Code Ann. § 105-108.

conclusion that the doctrine is to have broad application. The family-purpose doctrine is applicable to aircraft as well as automobiles and watercraft.

3. The plaintiff contends that if a new trial is ordered, the same should apply to all defendants — not just the owner and pilot of the aircraft, but also the owner and driver of the automobile (defendants Larry DuBose and Roxanne DuBose). This contention is not valid. The plaintiff enumerated no error relative to the defendants DuBose except on general grounds, which we have held to be unmeritorious in Division 1.

In *Durrett v. Farrar,* 130 Ga. App. 298, 302 (5) (203 SE2d 265), the plaintiff sued three defendants. The trial judge directed a verdict as to one defendant; the jury found in favor of the other two. The trial judge granted the plaintiff's motion for new trial as to one defendant, but not as to the others. As noted in *Durrett,* supra, the general rule revolves around whether the verdict is *for* or *against* all the joint tortfeasors. If *for,* it is permissible to grant a new trial as to one defendant and decline to hold the other(s) as parties in the subsequent trial. If *against,* the judgment is single, and the grant of a new trial as to one requires the inclusion of all the defendants as parties in the subsequent trial.

In this case, the jury resolved the factual issues in favor of the DuBose defendants. There is no basis or necessity for a new trial as to them.

4. (a) For the reasons set forth in Division 2, the judgment of the trial court is reversed as to defendants Charles C. Dunn and Curtis C. Dunn, and a new trial is granted as to them.

(b) For the reasons set forth in Divisions 1 and 3, the judgment of the trial court is affirmed as to defendants Larry DuBose and Roxanne DuBose.

*Judgments affirmed in part; reversed in part. Bell, C. J., and Clark, J., concur.*

ARGUED MAY 3, 1976 — DECIDED JULY 6, 1976.

*Charles M. Lipman,* for appellants.
*Richard G. Greer, Valianos, Joh & Homer, Christo-*

*pher J. Valianos,* for appellees.