## 53858. CARTER v. KEARSE et al.

WEBB, Judge.

Is a parent responsible under the family purpose doctrine for the negligence of his or her minor child while riding a bicycle? That is the question presented in counterclaims by the mother of a minor who while driving her mother's automobile had a collision with a bicycle ridden by another minor.

Somewhat similar questions were certified by this court to the Supreme Court in *Calhoun v. Pair,* 197 Ga. 703 (30 SE2d 180) (1944) (ibid., 71 Ga. App. 211 (30 SE2d 776)), that is, " '1. Is a father, who furnishes to his minor son (fourteen years of age) a bicycle for the purpose of using the same to go to and from school, liable to another in damages for injuries received by the other when such injuries are occasioned by the negligent and unlawful use of such bicycle by the minor son, and where such negligence is the proximate cause of the injury? 2. If the answer to the first question is in the affirmative, is such liability based on what is generally termed "the family purpose doctrine," or on some other principle of law?' *Answer:* The Justices are in disagreement as to the processes of reasoning by which we reach the ultimate conclusion, but we are unanimous in the view that the answer to the first question is 'No,' and for this reason no answer to the second question is required."

While it has been said by way of dicta that the family purpose doctrine is to have broad application, and it has been applied to aircraft and watercraft as well as automobiles (*Kimbell v. DuBose,* 139 Ga. App. 224 (228 SE2d 205) (1976); *Stewart v. Stephens,* 225 Ga. 185 (1) (166 SE2d 890) (1969)), we cannot disregard *Calhoun v. Pair,* 197 Ga. 703, supra.[1] We are not convinced that the use of a bicycle by a minor, although capable of doing harm to another if negligently operated, either requires or would justify the extension and application of the family purpose doctrine to the facts herein.

---

[1] "The doctrine of stare decisis is usually interpreted to mean that the court should adhere to what it has

The denial by the trial court of the plaintiff's motion for judgment on the pleadings as to all issues of liability raised by defendants' counterclaims is reversed.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1977 — DECIDED MAY 9, 1977.

*Sam F. Lowe, III, David R. Autry,* for appellant.
*Dunaway, Haas & Broome, John A. Dunaway, Al Bridges,* for appellees.

previously decided and not disturb what is settled." *Mitchell v. State,* 239 Ga. 3 (1977).