60742, 60743. QUATTLEBAUM v. WALLACE et al. (two cases).

DEEN, Chief Judge.

Darlene Wallace filed suit against Kenneth Lessard, named as one of the appellees herein, and James Quattlebaum, appellant, to recover damages for personal injuries allegedly incurred when a motorboat owned by Quattlebaum and operated by Lessard was negligently driven into a motorboat in which Wallace was a passenger. Appellant filed a motion for summary judgment, and appellee, Wallace, subsequently filed a motion for a partial summary judgment as to the applicability of the family purpose doctrine to the appellant. The trial court denied appellant's motion and granted that of appellee, Wallace. We reverse both rulings and direct the entry of a partial summary judgment for appellant as to the inapplicability of the family purpose doctrine hereto.

Appellant owned a motorboat which he used to take himself and his family fishing and pleasure riding. On June 6, 1976, appellant, with his wife and his fifteen-year-old stepson,[1] Charles Hinely, went to the VFW Post on Lake Worth in Dougherty County, launched his boat and operated it for approximately two hours. He then tied his boat to the pier and went into the lodge building. Later that afternoon, Hinely asked Marvin Tyson, a friend of appellant, if he would operate appellant's boat so that Hinely and his friend could water ski. Tyson responded that Hinely would have to get appellant's permission first. After speaking briefly with Hinely, appellant told Hinely to have Tyson come speak with him about operating the boat. The substance of the ensuing conversation between Tyson and appellant is somewhat unclear. It is generally agreed that appellant gave Tyson permission to drive the boat for the benefit of Hinely and his friend and that he generally advised Tyson to be careful. Appellant also claims that he instructed Tyson that Tyson alone was to operate the boat; Tyson does not recall such an instruction.

Tyson, Hinely and Hinely's friend then took appellant's boat onto the lake for a period of time after which Tyson wished to water ski himself. Tyson asked his friend, Kenneth Lessard, to drive the boat while Tyson skied whereupon Lessard did so. Hinely was

---

[1] Appellant concedes that Hinely was a member of his family within the purview of the family purpose doctrine.

present in the boat at all times and neither approved nor disapproved Lessard's driving of the boat.

Later, Hinley's friend who had had some difficulty skiing earlier in the day indicated that he would like to try to ski once more, whereupon with the boat lying idle at the pier Tyson entered the water to assist Hinely's friend in getting up on his skis. Hinely then called to Lessard, who was standing on the nearby shore, and asked him to drive the boat to pull Hinley's friend. Lessard entered the boat and, with Hinely present, began to drive the boat around the lake. Tyson was left at the beach. At this point, for the first time during the afternoon after giving Tyson permission to operate the boat, appellant noticed through the windows of the VFW lodge that someone other than Tyson was driving his boat. As the boat curved around the far end of the lake with Lessard driving, it collided with the boat in which appellee, Wallace, was riding as that boat emerged from a cove where it had been launched.

In *Phillips v. Dixon,* 236 Ga. 271, 275 (223 SE2d 678) (1976), the Supreme Court outlined the following criteria which must be met for the family purpose doctrine to apply in any given case: "In order for the owner to be liable he must have given his permission to a family member to drive the car. Also that family member must be in the car and the car must be engaged in a family purpose. Once the owner has consented to the use of the vehicle for a family purpose and has relinquished control of the car to a family member for that purpose, the requirements of due process are satisfied." Appellant correctly notes that there are, therefore, four requirements for the application of the family purpose doctrine: (i) the owner must have given permission to a family member to drive the vehicle, (ii) the owner must have relinquished control of the vehicle to the family member, (iii) the family member must be in the vehicle, and (iv) the vehicle must be engaged in a family purpose.

In applying this outline to the facts before us, we first note that the family purpose doctrine has been held to apply not only to the driving of automobiles, but to the operation of motorboats as well. *Stewart v. Stephens,* 225 Ga. 185 (166 SE2d 890) (1969). We further note that appellant has readily conceded that the latter two criteria have been met; Hinely was a family member who was present in the boat, and the boat was being used for a family purpose. Appellant contends, however, that at no time was Hinely permitted to drive the boat and at no time did appellant relinquish control of the boat to Hinely. We agree.

The uncontroverted evidence indicates that although the appellant's motorboat was generally used for family purposes, only the appellant was authorized to operate it, and Hinely had in the past

only been permitted to drive the boat with the appellant present and presumably in control. Moreover, never before the date of the accident had the appellant ever permitted another person to control the operation of the boat. No evidence has been offered to contradict Hinely's affidavit in support of appellant's motion for summary judgment to the effect that appellant had neither given Hinely permission to drive the boat on the day in question nor to allow anyone else to drive the boat. Indeed, the record reflects that the appellant went to some lengths to speak with Tyson to give him the appellant's permission to operate and control the vehicle in lieu of Hinely. In the light of such evidence, we conclude that the trial court erred in finding the family purpose doctrine applicable to the present case.

As to the appellant's second enumeration of error, though we agree with the appellant that the family purpose doctrine does not apply to the instant case, we are unable to determine from a review of the record whether any other grounds were urged in support of appellant's motion for summary judgment. Accordingly, we do not rule upon the sufficiency of any grounds for summary judgment herein other than the inapplicability of the family purpose doctrine.

*Judgment reversed as to the grant of the summary judgment in favor of appellee and further remanded with instructions to enter a partial summary judgment in favor of the appellant as to the inapplicability of the family purpose doctrine hereto. Birdsong and Sognier, JJ., concur.*

ARGUED OCTOBER 1, 1980 — DECIDED NOVEMBER 20, 1980.

*G. Stuart Watson, Mark A. Gonnerman,* for appellant.
*Hilliard P. Burt, Ted Price, E. Graydon Shuford,* for appellee.