## 61917. WALLACE v. LESSARD et al.

DEEN, Presiding Judge.

1. Plaintiff Wallace was injured in a collision between Quattlebaum's boat and the one in which she was riding. This case previously appeared under the style of *Quattlebaum v. Wallace,* 156 Ga. App. 519 (275 SE2d 104) (1980), where the facts are stated in greater detail. That case was an appeal by Quattlebaum, the owner of a motorboat, from the grant of a summary judgment holding that where the original permittee (Tyson) gave permission to a third person (Lessard) to operate the boat so that his stepson (Hinely) could waterski. The family purpose doctrine was not applicable under the circumstances. Primarily, this was because Hinely had never been given permission to operate the boat, and the permission extended to Tyson was not for a family purpose, and did not include permission to allow anyone else to operate it. The conclusion (Id., p. 521) that the trial court erred in finding the family purpose applicable is accordingly the law of this case. Code § 81A-160 (h).

2. When, after reversal, the remittitur was returned to the trial court, Wallace contended that other reasons existed for denying a summary judgment to Quattlebaum. Primarily, she urged that the defendant owner was liable as a matter of law under the provisions of Code § 17-620. This statute provides that the owner of a motorboat is liable for injury occasioned by the negligent operation of the craft if it is being used with his express or implied consent, but "it shall be presumed that such vessel is being operated with the knowledge and consent of the owner, if at the time of the injury or damage it is under control of . . . [any] . . . immediate member of the owner's family." Hinely was indeed a member of Quattlebaum's family, but, as stated on the first appearance of this case, only Quattlebaum was authorized to operate the boat, and Hinely had never been permitted to drive it except with Quattlebaum present and in control. "No evidence has been offered to contradict Hinely's affidavit in support of [Quattlebaum's] motion for summary judgment to the effect that [Quattlebaum] had neither given Hinely permission to drive the boat on the date in question nor to allow anyone else to drive the boat." Id., p. 521. Further, Quattlebaum swore positively that he forbade Tyson to allow anyone except Tyson to operate the craft. Tyson did not contradict the statement but took refuge in the statement that Quattlebaum said "that he was going to let me use it, drive the boat for Charles, and that you know to be careful on the lake and everything and stay in the lake area," but he could not say and did not recall whether anything was said about other people driving it. Thus, Quattlebaum's positive testimony is entitled to be accepted. Code § 38-111.

The presumption referred to in Code § 17-620 obtains only when the boat is under the control of an immediate member of the owner's family. Since the craft was not under the control of Hinely, the presumption cannot apply.

3. The plaintiff Wallace further contends that regardless of either the family purpose doctrine or the statutory presumption a jury question remains as to agency. Agency is, of course, the very basis of the family purpose doctrine, and before family purpose can appear it must be shown that the vehicle is not only kept for the comfort and pleasure of the family, but is being operated for that purpose *with the knowledge and consent of the owner* by one to whom the owner has entrusted it. *Griffin v. Russell,* 144 Ga. 275, 287 et seq. (87 SE 10) (1915). The only other agency relationship which might be relevant would be that of master and servant, as to which there is no evidence. Thus, under neither theory is a jury question made based on agency.

It is contended, however, that since Tyson was granted permission to operate the boat, the court should adopt the "first

instance permission" rule discussed and dismissed by a divided court in *Ditmyer v. American Liberty Ins. Co.,* 117 Ga. App. 512 (3) (160 SE2d 844) (1968), so as to arrive at the conclusion that if the purpose for which the permission was granted is being observed it does not matter whether the person to whom the permission was given or another is operating the vehicle. That rule was, of course, developed in the construction of the omnibus clauses in automobile liability insurance contracts. It depended primarily on the wording of the clause in the policy. In *DeWorken v. State Farm Mut. Ins. Co.,* 151 Ga. App. 248 (259 SE2d 490) (1979), the distinction was made between permission to *use* and permission to *use and operate.* Thus, regardless of the insurance connotations, the so-called first instance permission would have no relevance where permission for an unidentified third person to operate the craft was withheld.

4. The evidence demands a finding that Tyson's surrender of the operation of the motorboat to Lessard was neither authorized nor ratified by Quattlebaum. The grant of summary judgment to Quattlebaum was accordingly proper.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1981 —
REHEARING DENIED JUNE 10, 1981 

*Ted Price,* for appellant.
*Hillard P. Burt, G. Stuart Watson, Mark. A. Gonnerman,* for appellees.