### 37803. WALLACE v. LESSARD et al.

HILL, Presiding Justice.

We granted certiorari to the Court of Appeals. *Wallace v. Lessard,* 158 Ga. App. 772 (282 SE2d 153) (1981).

Defendant Quattlebaum took his wife and 15-year-old stepson, Charles Hinely, to Lake Worth to ride in Quattlebaum's new boat.[1] Hinely was not permitted to drive the boat unless Quattlebaum was in the boat. After driving the boat about two hours, defendant Quattlebaum gave Tyson permission to drive his boat so that Hinely could waterski while Quattlebaum visited at the VFW Post. Later, Tyson wanted to ski so he asked Lessard to drive. Still later, Tyson entered the water to help a skier "get up" and, at Hinely's request, Lessard drove the boat with Hinely in it but with Tyson on the shore. Very shortly thereafter Quattlebaum's boat driven by Lessard collided with another boat in which plaintiff Wallace was a passenger. Wallace sued Quattlebaum and Lessard.

On a prior appeal, the Court of Appeals found that the family purpose doctrine was not applicable because Quattlebaum had not given permission to his stepson Hinely to drive the boat or relinquished control of the boat to Hinely. *Quattlebaum v. Wallace,* 156 Ga. App. 519, 520 (275 SE2d 104) (1980).

On remand, the trial court granted summary judgment to Quattlebaum, the Court of Appeals affirmed on the basis that Code Ann. § 17-620 was not applicable, *Wallace v. Lessard,* 158 Ga. App. 772, supra, and we granted certiorari to consider the applicability of Code Ann. § 17-620 (Ga. L. 1973, pp. 1427, 1442).

Code Ann. § 17-620 provides as follows: "The owner of a vessel shall be liable for any injury or damage occasioned by the negligent operation of such vessel whether such negligence consists of a violation of the provisions of the statutes of this State, or neglecting to observe such ordinary care in such operation as the rules of common law require. The owner shall not be liable, however, unless such vessel is being used with his or her express or implied consent. It shall be presumed that such vessel is being operated with the knowledge and consent of the owner, if at the time of the injury or

---

[1] No issue as to maritime law has been raised here. See *Stephens v. Stewart,* 118 Ga. App. 811 (5) (165 SE2d 572) (1968), reversed in part on other grounds, *Stewart v. Stephens,* 225 Ga. 185 (166 SE2d 890) (1969).

damage, it is under control of his or her spouse, father, mother, brother, sister, son, daughter, or other immediate member of the owner's family. Nothing contained herein shall be construed to relieve any other person from any liability which he would otherwise have, but nothing contained herein shall be construed to authorize or permit any recovery in excess of injury or damage actually incurred." The words "owner," "vessel," "operate" and "operator" are defined in Code Ann. § 17-603.

The Code section has two prongs. It first provides that the owner of a vessel shall be liable for any injury or damage occasioned by the negligent operation of such vessel while such vessel is being used with the owner's consent, either express or implied, and to this extent the Code section is broader than the family purpose doctrine. The section goes on to provide that it shall be presumed that the vessel is being operated with the owner's consent if it is under the control of an immediate family member. The presumption is akin to the family purpose doctrine.[2]

On the second appeal the Court of Appeals found that the presumption of Code Ann. § 17-620 is not applicable here and we agree. Our focus is on the first prong of Code Ann. § 17-620, supra. This raises the question of whether the boat was being used with the owner's express or implied consent and this question requires a closer examination of the facts relied on in support of the motion for summary judgment.

After Quattlebaum went into the VFW Post, his stepson asked him if Tyson could drive the boat so the stepson and a friend could waterski. Quattlebaum told his stepson to have Tyson come in to talk with him. Quattlebaum and Tyson are the only persons to testify as to their conversation. Quattlebaum states that he told Tyson he could use the boat to pull the skiers but that no one else was to drive the boat. Tyson states that Quattlebaum told him he could use the boat but to be careful; that he did not remember Quattlebaum telling him not to let anyone else drive the boat but that it was his understanding that he was to do the driving; and that he didn't think anything about Quattlebaum's instructions when he asked Lessard to drive the boat while he skied. The Court of Appeals found that Quattlebaum's positive testimony was not contradicted by Tyson's (158 Ga. App. at 773). At the time of the collision, Lessard was driving

---

[2] See *Stewart v. Stephens,* 225 Ga. 185 (1) (166 SE2d 890) (1969). See also Code Ann. § 105-108.1 which defines "watercraft" and "owner" and then provides that "The owner of a watercraft shall be liable for any tort caused by the operation of such watercraft in the same manner and to the same degree as is the owner of an automobile liable for torts caused by its operation."

the boat at the request of Hinely who had not been authorized by Quattlebaum to drive the boat or permit others to drive it.

In a sense, the boat was being "used" with the owner's consent in that it had not been stolen, or borrowed without any authorization whatsoever. On the other hand, the driver had neither the express nor implied consent of the owner to be driving the boat. The act (Georgia Boat Safety Act), of which Code § 17-620 is a part, defines the word "operate" to mean "to navigate or otherwise use a vessel which is not at anchor or moored. . . ." Code Ann. § 17-603 (g). From this we interpret the word "use" to mean navigate, steer or drive. Under this interpretation, the boat was not being navigated, steered or driven with the owner's consent, either express or implied; i.e., it was not being "used" with the owner's consent.

Plaintiff argues that Quattlebaum's failure to try to stop Tyson when Quattlebaum saw Tyson driving off and his failure, after the collision, to object to Tyson's having driven the boat, constitutes evidence of ratification under Code § 4-303. That Code section and the one preceding it, Code § 4-302, relate to principals and agents and are not applicable to the facts of this case. *Klingbeil v. Renbaum,* 146 Ga. App. 591 (246 SE2d 698) (1978), relied upon by plaintiff, is inapplicable for the same reason.

Plaintiff argues that circumstantial evidence of implied consent can create an issue for the jury to decide, notwithstanding direct evidence of the absence of consent, but plaintiff does not specify what circumstantial evidence shows implied consent and all the pertinent evidence has been set forth above. The question of when, on motion for summary judgment, circumstantial evidence creates a genuine issue of a material fact shown by direct evidence is not an easy one. Compare *Backus v. Ray Jones, Inc.,* 150 Ga. App. 753, 755-756 (258 SE2d 693) (1979), with *McCurry v. Bailey,* 224 Ga. 318 (1) (162 SE2d 9) (1968). Without undertaking to resolve the problem, we find that the circumstantial evidence in this case was not sufficient to overcome the direct evidence that Lessard was not using the boat with Quattlebaum's express or implied consent.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1981.

*Ted Price,* for appellant.
*G. Stuart Watson,* for appellees.