## 68112. McCARD v. WRIGHT.

BANKE, Judge.
At issue in this appeal is whether our Nonresident Motorist Act (OCGA § 40-12-1 et seq.) permits the exercise of personal jurisdiction over a nonresident motor vehicle owner alleged to be liable under the family purpose doctrine for damage resulting from the operation of an automobile in this state.

The defendant is a resident of Huntsville, Alabama. In August of 1980, he gave his daughter the unrestricted use of a motor vehicle, while retaining title in his name. On December 21, 1981, the daughter was involved in a collision with the plaintiff as she was driving the car in this state. She was living and working in Atlanta at the time, although she was planning to move back to Alabama to attend school after the Christmas holidays. The collision occurred as she was returning to Atlanta following a visit with her parents in Huntsville. Although she had unrestricted permission to use the vehicle, she acknowledged in her deposition that her father had the right to revoke that permission at any time.

The defendant concedes that there is at least a fact issue as to whether the family purpose doctrine renders him liable for his daughter's alleged negligence under these circumstances. However, the trial

court, relying on *Hanft v. Allbright*, 132 Ga. App. 263 (208 SE2d 20) (1974), ruled that this was insufficient to warrant the exercise of personal jurisdiction over him as a nonresident motorist and therefore dismissed the complaint for lack of jurisdiction. The plaintiff appeals. *Held*:

The Nonresident Motorist Act is applicable by its terms in any action or proceeding against a nonresident motor vehicle owner "growing out of any accident or collision in which any such nonresident may be involved by reason of the operation *by him, for him, or under his control or direction, express or implied*, of a motor vehicle anywhere within the territorial limits of the State of Georgia . . ." OCGA § 40-12-1 (a) (Emphasis supplied.) In *Hanft v. Allbright*, supra, this court held that the statute would not support the exercise of jurisdiction over a Florida resident merely because her vehicle was involved in an accident while being operated in this state without her permission. However, as there was no showing that any express or implied agency existed between the owner and the operator in that case, we do not find it be controlling in the case before us now, wherein an implied agency is alleged to exist pursuant to the family purpose doctrine.

"Agency is, of course, the very basis of the family purpose doctrine, and before family purpose can appear it must be shown that the vehicle is not only kept for the comfort and pleasure of the family, but is being operated for that purpose *with the knowledge and consent of the owner* by one to whom the owner has entrusted it. *Griffin v. Russell*, 144 Ga. 275, 287 et seq. (87 SE 10) (1915)." *Wallace v. Lessard*, 158 Ga. App. 772, 773 (3) (282 SE2d 153) (1981), aff'd 248 Ga. 575 (285 SE2d 14) (1981). (Emphasis in original.) Since our nonresident motorist statute specifically applies to nonresident owners whose vehicles are involved in accidents while being operated in this state for their benefit or under their implied control or direction, we hold that it is applicable in a case such as this, wherein the owner's alleged liability is predicated on the family purpose doctrine. Accord *Medlin v. Church*, 157 Ga. App. 876 (278 SE2d 747) (1981) (wherein it was assumed that jurisdiction over a nonresident father could be predicated on the family purpose doctrine, although the judgment against him was reversed due to a failure to comply strictly with the service provisions of the statute). We note that this result is in accord with that reached by the courts of other jurisdictions in construing nonresident motorist statutes similar to ours. See, e.g., Ewing v. Thompson, 233 N.C. 564 (65 SE2d 17) (1951); Norwood v. Parthemos, 230 S.C. 207 (95 SE2d 168) (1956); Morrison v. District Court of Denver, 143 Col. 514 (355 P2d 660) (1960). See also 8 AmJur2d, Automobiles and Highway Traffic, § 940.

*Judgment reversed. Shulman, P. J., and Pope, J., concur.*

Decided March 16, 1984 —
Rehearing denied March 29, 1984 — 

*William R. L. Latson,* for appellant.
*Mark S. Gannon, Benjamin H. Terry,* for appellee.