**In the Matter of Curtis Wilhem McBARNETTE, Debtor.**

**Bankruptcy No. N94–10557–WHD.**

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Oct. 13, 1994.

Theo D. Mann, Mann & Wooldridge, P.C., Newnan, GA, for trustee.

Marilyn S. Bright, Atlanta, GA, for debtor.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter comes before the Court on the issues raised by the Trustee's Objection to Debtor's Claim of Homestead Exemption, filed by Theo D. Mann (hereinafter "Trustee"). A hearing on the Trustee's Motion was held on August 26, 1994, during which time a dispute arose as to whether or not a particular item of property belonged to the Chapter 7 bankruptcy estate of Curtis Wilhem McBarnette (hereinafter "Debtor"). The Court took this matter under advisement after the hearing and requested briefing by the parties. The issues involved herein constitute a core proceeding over which this Court has jurisdiction. *See* 28 U.S.C. § 157(b)(2)(A), (B), and (E). Based upon the following discussion, the Court will make its decision.

### DISCUSSION

The material facts of this case are undisputed. On March 9, 1994, the Debtor filed a Chapter 7 petition in this Court. Titled in the Debtor's name at the time of the petition was a 1990 Ford Escort, which is the property involved in the current dispute. While this car is titled in the Debtor's name, it has been used exclusively by his son for transportation. In fact, the Debtor's son purchased the car with money he received from his grandmother. It appears that the car is titled in the Debtor's name solely for insurance purposes. Nevertheless, the Trustee argues that the car is property of the estate simply because it is titled to the Debtor. On his schedule of personal property accompanying his petition, the Debtor listed the car, but noted that it was used by his son who

had paid for it. Moreover, the Debtor listed the market value of his interest in the car as zero. The Debtor contends that he has only legal title to the car, but no equitable or beneficial interest in it. As such, he asserts that the 1990 Ford Escort is not part of the estate in bankruptcy.

This issue requires the Court to determine the rights and interests of the Debtor in a particular piece of property. As the Supreme Court has noted:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

*Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979) (citation omitted); *see, e.g., Empire Fin. Servs., Inc. v. Gingold (In re Real Estate West Ventures, L.P.),* 170 B.R. 736, 740 (Bankr.N.D.Ga.1993) (Drake, J.) (noting that the rights of parties to rents and security deposits are determined by state law). Therefore, the resolution of this issue involves the application of the law of the State of Georgia.

■ The basis of the Debtor's argument is that his legal ownership of the 1990 Ford Escort has created a resulting trust in which his son has the beneficial interest. Under Georgia law, a resulting trust exists where "the settlor did not intend that the holder of the legal title to the trust property also should have the beneficial interest of the property." O.C.G.A. § 53–12–91; *see, e.g., Aetna Life Ins. Co. v. Weekes,* 241 Ga. 169, 171–72, 244 S.E.2d 46 (1978). More specifically, Georgia recognizes a special form of

resulting trust, a purchase money resulting trust, which is defined as follows:

> A purchase money resulting trust is a resulting trust implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property.

O.C.G.A. § 53–12–92(a); *see, e.g., Hancock v. Hancock,* 205 Ga. 684, 688–90, 54 S.E.2d 385 (1949). The facts of this case give rise to such a trust: (1) the legal title to the car is in the Debtor's name, solely for insurance purpose; (2) the Debtor's son provided the consideration to purchase the car; and (3) despite the legal ownership, the parties intended that the Debtor's son receive the benefit of the car. In view of these undisputed facts, the Court concludes that a purchase money resulting trust has been created under Georgia law.[1] As such, the Debtor holds only legal title in the car, while the Debtor's son holds the equitable interest.

Having decided the Debtor's interest in the 1990 Ford Escort pursuant to state law, the Court must now turn to federal bankruptcy law to see if this interest becomes property of the estate. Section 541(d) of the Bankruptcy Code concerns property of the estate, and provides, in part, as follows:

> Property in which the debtor holds, as of the commencement of the case, *only legal title and not an equitable interest* ... becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, *but not to the extent of any equitable interest in such property that the debtor does not hold.*

11 U.S.C. § 541(d) (emphasis added). Relying on this provision, courts have held, under varying factual situations, that property held in trust for the benefit of a third party does not become part of the estate in bankruptcy. *See, e.g., T & B Scottdale Contractors, Inc. v. United States,* 866 F.2d 1372, 1376 (11th Cir.1989) (funds deposited into bank account by contractor in name of subcontractor did

---

1. It is worth noting that the facts of this case support a finding of the existence of a constructive trust, too, where the person holding legal title cannot enjoy the beneficial interest of the property. *See* O.C.G.A. § 53–12–93. A distinc-tion between the two forms of trusts is immaterial, however, as both a resulting trust and a constructive trust are implied trusts under the Georgia Trust Act. O.C.G.A. § 53–12–90.

**250**

not become part of subcontractor's bankruptcy estate); *Real Estate West,* 170 B.R. at 743–44 (security deposits held in trust for tenants under Georgia law did not become part of landlord's estate in bankruptcy); *see also United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n. 10, 103 S.Ct. 2309, 2314 n. 10, 76 L.Ed.2d 515 (1983); *SouthTrust Bank of Alabama v. Thomas (In re Thomas),* 883 F.2d 991, 995 (11th Cir.1989). Since the Debtor in this case has only legal title to the 1990 Ford Escort, and not an equitable interest, the car did not become property of the estate in bankruptcy upon the filing of his Chapter 7 petition.

■ After finding that the car is not property of the Debtor's estate, the Court still must address whether the Trustee's "strong arm" powers under 11 U.S.C. § 544 allow him to recapture this item of property. This statute provides, in part, as follows:

The trustee shall have, as of the commencement of the case ... the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is avoidable by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists ...

11 U.S.C. § 544(a)(1). This provision gives the Trustee the power and status of a hypothetical judicial lien creditor. The advantages such a creditor has are found under state law. In other words, if Georgia law

gives a judicial lien holder a claim superior to that of an equitable unrecorded interest, the Trustee may be able to recover the 1990 Ford Escort as property of the estate. The Court believes that Georgia law is fairly settled on this issue, in that the Supreme Court of Georgia has held that an equitable interest held in trust is not defeated by a judicial lien holder. *See, e.g., Dunn v. Caylor,* 218 Ga. 256, 260–62, 127 S.E.2d 367 (1962). Therefore, a trustee's rights in bankruptcy also must yield to the holder of the equitable interest. *Wenco Indus., Inc. v. Stalzer (In re Davis),* 165 B.R. 327, 329–31 (Bankr. N.D.Ga.1994) (Bihary, J.). In view of the law of the State of Georgia, the Court finds that the Trustee may not use his strong arm powers to recover the 1990 Ford Escort as property of the estate.

CONCLUSION

Under Georgia law, the Debtor holds only legal title in the 1990 Ford Escort, and has no equitable interest. As such, this item of property is not part of the Debtor's estate by operation of 11 U.S.C. § 541(d). Moreover, the Trustee's strong arm powers do not give him a superior claim over the beneficial interest the Debtor's son has in the car. Accordingly, the Trustee's objections with regard to the 1990 Ford Escort are hereby **OVERRULED.**

**IT IS SO ORDERED.**