44787. GEORGIA POWER COMPANY v. SLAPPEY et al.

PER CURIAM. This is a condemnation case in which the condemnor sought to condemn the condemnees' property for the purpose of taking an easement for a transmission line embracing a strip of land across their property. After the award of the special master the condemnees, being dissatisfied, filed an appeal under the provisions of *Code Ann.* § 36-614a (Ga. L. 1957, pp. 387, 396). The case was heard before a jury which awarded the condemnees the amount of $3,000 for the value of the land taken, and $5,000 consequential damages. A motion for new trial was duly filed by the condemnor, amended, heard, and overruled; and the appeal is from that judgment. Error is enumerated on the award as being excessive as a matter of law; on numerous errors of the court in allowing in evidence certain testimony relative to the value of land in the neighborhood in that it was noncomparable and there was no similarity or comparability of said property to the land being condemned; on a failure to charge a stated principle without request, on the charge given, and on the charge being argumentative in repeating the substance of *Code* § 36-505; in denying the motion for new trial, as amended, and in overruling motions for mistrial on several different grounds. *Held:*

1. The opinions of experts on any question of science, skill, or trade shall always be admissible, and may be given on facts as proven by other witnesses. *Code* § 38-1710. Likewise, direct testimony as to market value is in the nature of opinion

evidence and one need not be an expert or dealer in the articles to testify as to value if he has an opportunity to form a correct opinion. *Code* § 38-1709. While the burden of proof rests upon the condemnor to prove by a preponderance of evidence the value and damages to the land taken, and it never shifts to the condemnee, yet a burden of producing evidence may arise on the part of the condemnee when he asserts the greater value or damage. *Lewis v. State, Hwy. Dept.*, 110 Ga. App. 845 (140 SE2d 109). There being sufficient evidence here, from both expert and non-expert testimony as to the value of the land taken for easement purposes and the consequential damages to the other property, it cannot be said that the verdict was excessive; and none of the alleged errors based on excessiveness or the general grounds of the motion for new trial are meritorious. The enumeration of error based on the testimony of one of the condemnees as to the difference in value of his property after the imposition of the easement, as a mere conclusion, is likewise not meritorious since there was evidence from which he could form a correct opinion as to value.

2. The right to cross examination, thorough and sifting, shall belong to every party, provided the witness be examined only as to relevant matter. *Code* §§ 38-1704, 38-1705. Error is enumerated on the cross examination of an expert witness of the condemnor as to the valuation of land in the general vicinity of that sought to be condemned but which appellant avers is not comparable, was fully developed property, and not similar or comparable to the land taken. The trial court has a broad discretion as to the limits of cross examination, and while the testimony shows the land not similar, but that land in the general area was increasing in value in going from agricultural to residential, being near an expanding city, and this land was being sold in the neighborhood for homesites, the jury could apply this information in evaluating the expert's opinion as to the value of the condemnee's land. *State Hwy. Dept. v. Parker*, 114 Ga. App. 270 (150 SE2d 875). This testimony is not subject to the law amending *Code Ann.* § 36-1117 (Ga. L. 1966, p. 320) since this was not to show the increase of the value of the land by anticipated improvements but its actual speculative value at the moment. The enumerations of error complaining of this cross examination of the expert, showing non-comparability

or similarity of the land, including the denial of a motion for mistrial based thereon, are not meritorious.

3. During the argument to the jury by condemnee's counsel the opposing party objected to his argument that the condemnee did not want to sell his land and the Power Company did not have a right to put the line in there, moving for a mistrial, claiming that it was highly improper and was ground for a mistrial. The court overruled the motion for mistrial and in doing so stated: "That is really not an issue, Mr. Walters, whether or not Mr. Slappey wants to sell his land, I would *rather* that you stick to the *other issues*." (Emphasis. supplied). Where counsel in the hearing of a jury makes. statements of a prejudicial nature as to matters not in evidence, it is the duty of the court to interpose and prevent. the same, and on objection he shall also rebuke counsel, and by "all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or `.  .  .` he may order a mistrial if the plaintiff's attorney is the offender." *Code* § 81-1009. A motion for mistrial was made. The court denied the motion and failed to properly rebuke counsel. He made no effort whatsoever to instruct the jury that the Power Company had the right to condemn the property and that such was not an issue. Since this prejudicial matter was not removed from the minds of the jury, a completely impartial trial could not be had, and the lower court abused its discretion in thus handling the situation. While due latitude should be allowed counsel in argument, yet counsel, in this instance, should have been rebuked properly, and the improper impression made by such argument should have been removed from the minds of the jury. *Spence v. Dasher,* 63 Ga. 430; *Powell v. State,* 179 Ga. 401 (4) (176 SE 29); *Bostick v. Usry,* 221 Ga. 647 (146 SE2d 882).

Before the adoption of the new Civil Practice Act it was necessary for counsel to request further instruction if he was dissatisfied with the instructions given to the jury under *Code* § 81-1009 by the court and to then renew his motion for mistrial in order to obtain a proper assignment of error based on the denial thereof. That is not the law now. *Code Ann.* § 81A-146 (b) (Ga. L. 1966, pp. 609, 655). For the old rule see *Kendrick v. Kendrick,* 218 Ga. 460 (4) (128. SE2d 496); *Thornton v. State,* 190 Ga. 783 (10 SE2d 746);

*Ehrlich v. Mills,* 203 Ga. 600 (4) (48 SE2d 107), and cases cited therein. The enumeration of error complaining of the denial of the motion for mistrial is meritorious.

4. As to all other charges complained of, counsel for appellant failed to comply with *Code Ann.* § 70-207 (a) and (b), in failing to file any written requests to charge, and in failing to give the judge an opportunity to correct any erroneous instructions he may have given in the charge. The enumerations of error based on certain erroneous instructions will not be considered. *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383); *Stubbs v. Daughtry,* 115 Ga. App. 22 (5) (153 SE2d 633); *State Hwy. Dept. v. Edmunds,* 115 Ga. App. 154 (3) (154 SE2d 35); *Biddinger v. Fletcher,* 116 Ga. App. 532 (3) (157 SE2d 764).

5. Having considered every alleged error properly argued in counsel's brief, and having found merit in a certain error enumerated as shown above, the judgment is

*Reversed. Jordan, P. J., Quillian and Whitman, JJ., concur.*

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 12, 1970—
REHEARING DENIED MARCH 31, 1970.

*Anthony A. May,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, Jessee W. Walters,* for appellees.

