60663. COCHRAN v. QUINTER, INC.

QUILLIAN, Presiding Judge.

This is an appeal of a jury verdict finding appellant liable on a promissory note.

In 1971 appellant Cochran's husband purchased some apartments in Atlanta from appellee Quinter, Inc. and agreed to pay appellee therefor over a period of time. In 1975 the husband informed appellee he could not pay the remaining balance of about $130,000. Appellee agreed to terminate the husband's existing obligation in return for an immediate $40,000 and a promissory note for $10,000 signed by the husband and appellant. An agreement and note to this effect were prepared by the husband's lawyer in Atlanta and were apparently signed by appellant in Atlanta. The husband then took the note to Winston-Salem, North Carolina, where appellee was located, signed the note and delivered it to appellee. At that time two immaterial changes were made in the note indicating that the location of execution was North Carolina instead of Georgia. Both changes were initialed by the husband. After half the principal had been paid, appellant's husband went into bankruptcy, the note was not paid and appellee brought this action against appellant on the

note for the unpaid balance and interest. *Held:*

1. In the first enumeration appellant alleges that the trial court erred in denying her motion for a directed verdict. It does not clearly appear that the grounds for denying the motion on appeal were raised in the trial court. Assuming some were, we find no error. The evidence was in conflict and did not demand a verdict in appellee's favor. "Direction of a verdict is proper only when there is no conflict in the evidence as to any material issue and when the evidence introduced, with all reasonable deductions, demands the verdict. [Cit.]" *United Ins. Co. v. Moore,* 147 Ga. App. 815, 816 (250 SE2d 810).

2. The second and fifth enumerations claim error for failure to charge on material alteration and for applying Georgia law instead of North Carolina law. The trial court did not commit error as there was no written request to charge on either issue and no objection was made to the charge as given. Code Ann. § 70-207 (Ga. L. 1965, pp. 18, 31; 1968, pp. 1072, 1078).

3. The third enumeration contends that the trial court erred in admitting the promissory note in evidence, because appellant's execution thereof was not proven. The evidence on appellant's execution was conflicting and the jury by its verdict found that appellant had executed the note. We find no error as the evidence was amply sufficient to establish that appellant executed the note.

4. The last enumeration complains of the denial of a motion for a new trial on the general grounds. We find the evidence sufficient to support the verdict.

5. The remaining enumeration has no merit.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED OCTOBER 15, 1980.

*Glenda Hardigg,* for appellant.
*Henry B. Staley,* for appellee.