## 62607. HUNTER v. BATTON.

SOGNIER, Judge.

Hunter, the father of a 14-year-old boy, sued Batton for injuries sustained when his son, while riding a bicycle, collided with an automobile driven by Batton. The jury returned a verdict in favor of Batton. Hunter appeals the denial of his motion for a new trial.

1. Appellant contends that the trial court erred in giving certain charges. However, appellant failed to object to those charges cited as error in enumerations 1 and 6. Similarly, appellant contends that the trial court erred in failing to give certain requested charges; however, appellant did not object to the trial court's failure to charge as cited in enumerations of error 10, 11 and 12. A party may not complain of the giving or failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict, stating distinctly his objection and the grounds of his objection. Code Ann. § 70-207. " 'Failure to except before verdict generally results in a waiver of any defects in the charge [cits.], the exception under Code Ann. § 70-207 (c) applying only when there has been a substantial error which was blatantly apparent and prejudicial, and which resulted in a gross miscarriage of justice.' " *Durrett v. Farrar,* 130 Ga. App. 298, 306 (8) (203 SE2d 265) (1973). We find no blatant or prejudicial error in the charge or failure to charge of which appellant complains.

2. Appellant contends that the trial court erred in charging the jury with regard to the rules of the road governing persons riding a bicycle in Georgia. The trial court charged in the language of Code Ann. § 68A-604 which provides for the required signals when making a turn in a vehicle. This code section applies to bicycles as well as motorized vehicles, Code Ann. § 68A-1202, and it was not error for the trial court to charge an entire code section even where only parts of the code section apply. *Central of Ga. R. Co. v. Sellers,* 129 Ga. App.

811, 816 (201 SE2d 485) (1973). There was sufficient evidence from which the jury may have concluded that the appellant's son failed to signal his intentions to turn his bicycle, and a charge on Code Ann. § 68A-604 was not error. *Cason v. Columbus, Ga.,* 148 Ga. App. 208, 210 (250 SE2d 836) (1978).

3. Appellant also contends that the trial court erred in its charge on emergency. The trial court charged as follows: "The word 'emergency' means a sudden or unexpected happening, an unforeseen occurrence or condition, a perplexing contingency or complication of circumstances, a sudden or unexpected necessity requiring immediate or at least quick action, a condition of things appearing suddenly or unexpectedly, that is to say, an unforeseen occurrence and any event or combination of circumstances which call for immediate action without giving time for the deliberate exercise of judgment or discretion." In addition, the trial court also charged that "one who is confronted with a sudden emergency which was not created by his own fault without sufficient time to determine accurately and with certainty the best thing to be done is not held to the same accuracy of judgment as would be required of him if he had more time for deliberation." We find the charge a correct statement of the law and authorized by the evidence in the case. *Cartey v. Smith,* 105 Ga. App. 809, 811 (125 SE2d 723) (1962). The trial court did not give appellant's requested charge. However, a requested charge should be given only where it embraces a correct and complete statement of the law which is not included in the general instructions. *Roberson v. Hart,* 148 Ga. App. 343, 345 (251 SE2d 173) (1978). The charge given substantially covered the applicable principles of law even though it was not in the language of appellant's request. *Feathers v. Wilson,* 157 Ga. App. 753, 754 (278 SE2d 434) (1981). Thus, we find no error in the trial court's charge on emergency.

4. Appellant further contends that the trial court erred in failing to give his requested charge on the "last clear chance" doctrine. The trial court charged the jury that "if the person who has the last clear chance to avoid causing injury fails to use ordinary care to do so, his negligence is considered the proximate cause of the injury." The last clear chance doctrine can be invoked only where the defendant knows of the plaintiff's perilous situation, and realizes, or has reason to realize, the plaintiff's helpless condition. The defendant is charged with a duty of using with reasonable care and competence his *then* existing ability to avoid harming plaintiff. *Ga. Sou. &c. R. Co. v. Odom,* 152 Ga. App. 664, 665 (263 SE2d 469) (1979). Thus, the charge on the last clear chance doctrine was favorable to the appellant, a correct statement of the law and authorized by the evidence. We find no error in the given charge nor in failing to give the

requested charge.

5. Appellant contends that the trial court erred in giving certain charges regarding damages to be recovered by appellant. The error with regard to damages, if any, is harmless where the jury determined there is no liability on the part of appellee. *Reliford v. Central of Ga. R. Co.*, 140 Ga. App. 782, 783 (232 SE2d 129) (1976).

6. We have carefully reviewed the record and transcript and find there is sufficient evidence to support the verdict of the jury. Thus, appellant's remaining enumerations of error are without merit.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 8, 1982.

*M. James Hunter, Paul Oliver,* for appellant.
*John C. Edwards, Walter S. Chew, Jr.,* for appellee.