## 66100. BLAKE v. CONTINENTAL SOUTHEASTERN LINES, INC.

POPE, Judge.

This is the second appearance of this case in this court. In *Blake v. Continental Southeastern Lines,* 161 Ga. App. 869 (289 SE2d 551) (1982), following a trial and the granting of the appellee Continental Southeastern Lines, Inc.'s motion for directed verdict and the denial of the appellant Blake's similar motion, this court held in Division 2 that the record was devoid of evidence of wilful and wanton misconduct on the part of the appellee; hence, the trial court did not

err in directing a verdict in favor of appellee on that issue. In Division 3 we held that the trial court did not err in denying appellant's motion for directed verdict as the evidence failed to demand a finding that the collision was not "in whole or in part, caused by the negligence of the deceased [appellant's decedent in this wrongful death case.]" In Division 1, however, we held that appellee "had a duty to the deceased to comply with all rules and regulations with respect to its use of a controlled-access highway . . . [and a question of fact remained as to whether appellee] breached that duty, and whether that breach was the proximate cause of the death of appellant's husband. . . ." The judgment of the trial court in directing the verdict in favor of appellee on the issue of negligence was, therefore, reversed.

In our original opinion we noted that appellant contended that appellee had negligently operated the bus, listing seven specifications of negligence. We limited our discussion to one of those allegations, "negligence in the improper utilization of the paved shoulder (a/k/a emergency lane) of a controlled-access highway," holding that the remaining allegations of negligence were "either not meritorious or not applicable to the circumstances in this case." Those seven specific allegations of negligence were (1) failing to maintain a proper lookout for other vehicles; (2) failing to yield the right-of-way to other vehicles in entering from the emergency lane to return to the right lane of the two northbound lanes of traffic; (3) stopping, standing or parking and returning to the controlled-access highway from the emergency lane when such movement could not be made with reasonable safety in violation of OCGA § 40-6-122 (Code Ann. § 68A-603); (4) failing to give proper and adequate signal of an intention to change lanes from the emergency lane to the right-hand traffic lane in violation of OCGA § 40-6-123 (Code Ann. § 68A-604), that is, giving a signal of intention to change lanes "continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction"; (5) utilizing the emergency lane improperly; (6) operating the bus at such a slow rate of speed as to impede normal and reasonable movement of traffic in violation of OCGA § 40-6-184 (a) (Code Ann. § 68A-805); and (7) operating the bus at a rate of speed lower than the minimum speed limit established for this controlled-access highway in violation of OCGA § 40-6-184 (b) (Code Ann. § 68A-805).

On the return of the remittitur from this court to the trial court, appellee filed a motion to define the scope of the trial in accordance with the ruling of this court, and appellant obtained leave to file an amended complaint. In this amended complaint appellant contends appellee failed to exercise ordinary care in the operation, management and control of the motor vehicle in compliance with all

rules and regulations with respect to the use of the road. More specifically, appellant contends that appellee, by and through its duly authorized agent and servant, disregarded the rules of the road in one or more of the following respects: (1) negligently and carelessly failing to anticipate the presence of other travelers on the highway and to have due regard for their rights to the use thereof; (2) negligently stopping and parking the bus in the emergency lane in violation of OCGA § 40-6-203 (a) (1) (I) (Code Ann. § 68A-1003); (3) negligently starting the bus which was stopped, standing or parked in the emergency lane when such movement could not be made with reasonable safety in violation of OCGA § 40-6-122 (Code Ann. § 68A-603); (4) negligently failing to yield the right-of-way to the decedent approaching upon the roadway before entering from the emergency lane in violation of OCGA § 40-6-73 (Code Ann. § 68A-404); and (5) negligently operating the bus at a rate of speed lower than the minimum speed limit established for said highway in violation of OCGA § 40-6-184 (b) (Code Ann. § 68A-805), all of which were the direct and proximate cause of the death of the decedent.

Appellee moved for partial summary judgment as to all issues of negligence raised by appellant's amended complaint except as set forth in our opinion in the first appearance of this case on appeal. In support of its motion, appellee introduced the transcript of proceedings and documentary evidence of the trial of this case. No other evidence was introduced by either party. Based upon this evidence, the trial court granted appellee's motion.

As noted above, we limited our discussion in the first appeal to one of appellant's allegations of negligence — "negligence in the improper utilization of the paved shoulder (a/k/a emergency lane) of a controlled-access highway." Based upon our review of the record, we held that appellant's remaining allegations of negligence were either without merit or not applicable to the circumstances in the case. This became the law of the case. OCGA § 9-11-60 (h) (Code Ann. § 81A-160); see *Wallace v. Lessard,* 158 Ga. App. 772 (1) (282 SE2d 153), affd. 248 Ga. 575 (285 SE2d 14) (1981); *Worley v. Travelers Indem. Co.,* 124 Ga. App. 64 (183 SE2d 91) (1971). Of the five allegations of negligence in appellant's amended complaint, only two present an issue for jury resolution — (1) failing to anticipate others on the highway and (2) negligent stopping in the emergency lane (OCGA § 40-6-203 (a)(1)(I) (Code Ann. § 68A-1003)). As to these two allegations, the second is simply an example of the principle enunciated in the first. See *Blake v. Continental Southeastern Lines,* supra at (1).

As to the remaining allegations, we find that they are merely the same arguments raised in the original complaint and are not

supported by the evidence of record in this case. (1) Negligent starting of the bus (OCGA § 40-6-122 (Code Ann. § 68A-603)): the evidence discloses no negligent action on the part of the bus driver; he followed all necessary steps before starting back onto the roadway. See generally 60A CJS, Motor Vehicles, § 345. (2) Failing to yield right of way (OCGA § 40-6-73 (Code Ann. § 68A-404)): all the evidence discloses that the bus was already fully on the roadway before either the eyewitness or the deceased saw the bus; thus, this section is inapplicable. See generally 60A CJS, Motor Vehicles, § 362(1); see also 60A CJS, Motor Vehicles, § 347(b). (3) Operating the vehicle at a speed below the minimum (OCGA § 40-6-184 (b) (Code Ann. § 68A-805)): notwithstanding the expert witness' testimony that the minimum speed should be attained in the emergency lane before re-entering the roadway, the law in this state is that the minimum "does not apply to a vehicle entering the highway from the emergency strip, until there has been reasonable opportunity to attain this speed. *Thomas v. Barnett,* 126 Ga. App. 89 (190 SE2d 90) [(1972)]." *Barnett v. Thomas,* 126 Ga. App. 587, 593 (191 SE2d 450) (1972). All the evidence shows that the bus driver had not had such an opportunity.

For the reasons set forth here, we affirm the judgment of the trial court. See *Genins v. Geiger,* 149 Ga. App. 526 (254 SE2d 913), cert. den., 444 U. S. 991 (1979).

*Judgment affirmed. Deen, P. J., Banke, Birdsong and Sognier, JJ., concur. Shulman, C. J., Quillian, P. J., McMurray, P. J., and Carley, J., dissent.*

DECIDED SEPTEMBER 30, 1983 —
REHEARING DENIED NOVEMBER 3, 1983 —

*Bruce E. Pashley, Scott J. Mers,* for appellant.
*Edward S. White,* for appellee.

McMURRAY, Presiding Judge, dissenting.

In *Blake v. Continental Southeastern Lines,* 161 Ga. App. 869 (289 SE2d 551), following a trial and the granting of the defendant's motion for directed verdict and the denial of the plaintiff's similar motion, this court reversed in part and affirmed in part.

In substance we therein held that the trial court erred in directing a verdict in favor of the defendant on the issue of negligence. In doing so there was much discussion by this court with reference to the uniform rules of the road. At page 873 we find the following: " 'It is generally the duty of the driver of an automobile to anticipate the presence of other travelers on the highway, and to have due regard for their rights to the use thereof.' [Cit.] 'In order for a party to be liable

for negligence, it is not necessary that he should have been able to anticipate the particular consequences which ensued. It is sufficient, if in ordinary prudence he might have foreseen that some injury would result from his act or omission, or that consequences of a generally injurious nature might result.' [Cit.] Trailways had a duty to the deceased to comply with all rules and regulations with respect to its use of a controlled-access highway such as S. R. 365. Whether Trailways breached that duty, and whether that breach was the proximate cause of the death of appellant's husband, are, under the facts in the case at bar, questions for the jury. [Cits.]"

On the return of the remittitur from this court to the trial court, the defendant filed a motion to define the scope of the trial in accordance with the ruling of this court, and plaintiff obtained leave to file an amended complaint. In this amended complaint the plaintiff contends the defendant failed to exercise ordinary care in the operation, management and control of the motor vehicle in compliance with all rules and regulations with respect to the use of the road. In my opinion plaintiff's amendment sought to elaborate his pleadings within the ruling of the court on the remaining issues involved. Plaintiff contends that the defendant by and through its duly authorized agent and servant disregarded the rules of the road in one or more of the following respects: Negligently and carelessly failed to anticipate the presence of other travelers on the highway and to have due regard for their rights to the use thereof; negligently stopped or parked its motor vehicle in the emergency lane in violation of OCGA § 40-6-203 (a) (1) (I) (formerly Code Ann. § 68A-1003 (a) (1) (I) (Ga. L. 1974, pp. 633, 676)); negligently started its vehicle which was stopped, standing or parked in the emergency lane when such movement could not be made with reasonable safety in violation of OCGA § 40-6-122 (Code Ann. § 68A-603), supra; negligently failed to yield the right-of-way to the plaintiff's decedent approaching upon the roadway before entering from the emergency lane in violation of OCGA § 40-6-73 (formerly Code Ann. § 68A-404 (Ga. L. 1974, pp. 633, 658)); and, negligently operated the vehicle at a rate of speed lower than the minimum speed limit established for said highway in violation of OCGA § 40-6-184 (b) (formerly Code Ann. § 68A-805 (Ga. L. 1975, pp. 1582, 1584)), all of which was the direct and proximate cause of the death of the decedent. Clearly this amendment came within the ruling of this court as to the grounds of negligence to be considered. The amended complaint was in four counts, but it is not necessary to set out same in consideration of the case sub judice.

Defendant then moved for partial summary judgment, in substance, to limit the issues for trial contending that this court in *Blake v. Continental Southeastern Lines,* 161 Ga. App. 869, supra,

had established the law of the case, based upon the uncontradicted evidence at the first trial, in defendant's favor with respect to all of the allegations of negligence "except the utilization of the paved shoulder" as provided in OCGA § 40-6-203 (a) (1) (I) (Code Ann. § 68A-1003), supra, and relying on the transcript of the evidence at the first trial that partial summary judgment should be granted in its favor "on all of the issues of negligence in plaintiff's complaint as presently amended except the allegation regarding the stopping or standing of the bus on the paved shoulder . . . in violation of [OCGA § 40-6-203 (a) (1) (I) (Code Ann. § 68A-1003)]."

The evidence thus considered on summary judgment is in substance the following: The defendant's bus, under the control of an experienced driver as a driving instructor, was on a training mission on the morning of May 15, 1978, on a controlled access four-lane divided highway travelling north in an overcast condition, "a hazy day." The instructor had a trainee driver pull into the emergency lane and replaced him behind the wheel in order to direct him as to what he was doing wrong and how to correct it. The emergency flashers on the bus were engaged while the bus idled. The instructor then engaged the left turn signal, checked his rear view mirror and began to return to the highway in the right hand lane. He saw only one automobile in his rear view mirror at the crest of a hill approximately six tenths of a mile behind him to the south, *felt* he had plenty of time to get on the roadway safely "*travelling at approximately 20 m.p.h.*" (emphasis supplied) as he entered the highway. At that particular point in time the driver of an automobile (assumed to be the driver of the automobile cresting the hill seen by the bus driver), the only eyewitness to the impact of the vehicles in the incident, observed the bus in the right traffic lane "travelling approximately 20 m.p.h." Hence the eyewitness moved into the left traffic lane travelling "at 57 m.p.h." At that point in time, he testified plaintiff's decedent "travelling at approximately 65 m.p.h.," passed him on the right and he (eyewitness) slowed his automobile to 45 to 50 m.p.h. so the decedent would have sufficient room to move in the left lane and avoid the bus, "at least 150-175 feet," but the decedent failed to do so, running into the rear of the bus. He testified that he later measured the distance between the crest of the hill and the point of collision of four tenths of a mile, estimating the bus had travelled 75-90 feet from the first time he saw it to the time of impact. The two trainees in the bus, as well as the driver, testified that after the bus entered the highway at 20 m.p.h. it had reached "the speed of approximately 30 m.p.h." at the time of impact, the bus having travelled "between 345-500 feet from where it had been stopped to the point of impact." The testimony of an expert witness offered by the plaintiff was that

this was a controlled-access highway in which a vehicle should not stop on the shoulder "except for an emergency" and a vehicle entering such highway from the emergency lane at a speed less than 40 m.p.h. created an unsafe situation, "the proper procedure for doing so was to accelerate on the shoulder to at least the minimum legal speed before merging into the right lane of the roadway."

After a hearing the aforesaid motion was granted. The trial court in a previous order had stated that the defendant had withdrawn its motion to define the scope of the trial. The grant of this partial summary judgment is here under review.

It has been many times held that issues of negligence, including such related issues as contributory negligence and proximate cause, are ordinarily not susceptible of summary adjudication either for or against the claimant, and a court should not take the place of the jury in solving them except in plain and indisputable cases. See *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178); *Maddox, Bishop, Hayton Frame & Trim Contractors v. Lambdin,* 123 Ga. App. 61, 64 (179 SE2d 310); *Bussey v. Dawson,* 224 Ga. 191, 193-194 (160 SE2d 834); *Garrett v. Royal Bros. Co.,* 225 Ga. 533, 535 (170 SE2d 294). Defendant's voluminous motion for partial summary judgment maintains that the court should strike all averments "except the utilization of the paved shoulder," and requests the trial court to grant it a partial summary judgment on all of the issues of negligence in plaintiff's complaint as presently amended "except the allegation regarding the stopping or standing of the bus on the paved shoulder . . . in violation of [OCGA § 40-6-203 (a) (1) (I) (Code Ann. § 68A-1003)]." To this the majority agrees. I do not agree that the trial court was correct in granting defendant's motion for partial summary judgment.

On the first appearance in this court, we limited the discussion to the negligence in the improper utilization of the emergency lane of the controlled access highway and held that the defendant had a duty to the decedent to comply with all rules and regulations with respect to the use of the controlled access highway; and an issue of material fact remained as to whether the defendant breached its duty and whether that breach was the proximate cause of the death of plaintiff's decedent under the facts of the case at the trial (which are the same facts on which partial summary judgment has been granted) hence questions remain for jury determination with respect thereto. Clearly, the collision occurred *after the vehicle returned to the right lane of the highway,* at a speed of 20 m.p.h. (albeit opinion testimony) and had reached only a speed of 30 m.p.h. (again opinion testimony) when plaintiff's decedent slammed into the rear of the bus (albeit there was opinion testimony that he was exceeding the 55 m.p.h.

speed limit at that point in time). Proof of negligence was shown in the improper utilization of the paved shoulder involving the return to the highway in which an expert witness had testified it was unsafe to enter the roadway from the shoulder "at a speed of less than 40 m.p.h.," regardless of uncontroverted testimony that emergency flashers had been engaged while the bus was idling in a stopped position on the shoulder, a left turn signal had been engaged as the driver checked his rear view mirror and began his return to the right lane of the highway. There are issues of material fact for jury determination with reference to distances and opinion testimony with reference to the speeds of the various vehicles involved in the incident and as to the motor vehicle driven by the eyewitness.

With reference to this court's determination in *Blake v. Continental Southeastern Lines,* 161 Ga. App. 869, 872, supra, the following averments relating to the rules and regulations for the use of the highway are clearly involved in the claim of "negligence in the improper utilization of the paved shoulder . . . of a controlled access highway." These are: Failure to anticipate the presence of the other travellers on the highway, albeit the bus driver testified he saw only one vehicle approaching; movement back into the right lane of the highway when same could not be made with reasonable safety, albeit the bus driver testified the left turn signals on the bus were engaged; failing to yield the right-of-way in entering the right lane from the emergency lane; and, the operation of the motor vehicle at a rate of speed lower than the minimum speed limit (the bus driver testifying he entered the highway at "20 m.p.h." and had reached "30 m.p.h." at the time of the collision, and an expert having testified that in his opinion it was unsafe to enter the roadway from the shoulder of a controlled access highway at a speed of less than 40 m.p.h.). As all of the above issues of material fact remain for jury determination, I am of the opinion the trial court erred in granting summary judgment based upon the motion for a partial summary judgment which would amount to an interpretation that the law of the case was established as to *all issues of negligence* "except the allegation regarding the stopping or standing of the bus on the paved shoulder." This was in no wise our ruling in the case sub judice which became the law of the case.

I, therefore, respectfully dissent.