## 71843. CHAPMAN v. PIGGLY WIGGLY SOUTHERN, INC.
(344 SE2d 755)

BENHAM, Judge.

After the trial of a personal injury case, the jury returned a verdict in favor of appellant on the issue of appellee's liability, but awarded no damages because the evidence was insufficient to prove that appellee's agent caused appellant to suffer a "serious injury" as defined by OCGA § 33-34-2 (13). Appellant's sole enumeration is that the trial court erred in its charge to the jury regarding the definition of "serious injury." We disagree and affirm.

Our review of the record reveals that the trial court's charge to the jury on the definition of serious injury was an almost verbatim recitation of the first sentence of OCGA § 33-34-2 (13) and a definition of the word "disability." After the jury began its deliberations, it requested a recharge on the meaning of serious injury. The court reiterated its previous charge. Appellant then objected to the charge as not being adjusted to the evidence, claiming it suggested that appellant had to have suffered all of the maladies stated in the statute section rather than any one of them. We find no merit in this assertion. The statute section is written in the disjunctive, and the trial court charged it as it was written. "It is not usually cause for new trial that an entire Code section is given. [Cits.] This is so even though a part of the charge may be inapplicable under the facts in evidence. [Cits.]" *Keller v. State*, 245 Ga. 522 (1) (265 SE2d 813) (1980).

In his brief, appellant asserts that the trial court should have given an additional instruction regarding the definition of serious in-

jury. However, the charge appellant now requests was not included in his requests to charge and was not a part of the objection he raised after the trial court delivered its charge. Therefore, we will not consider the assertion of error on this basis. *Ga. Power Co. v. Slappey*, 121 Ga. App. 534 (4) (174 SE2d 361) (1970).

*Judgment affirmed, Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 24, 1986.

*Alvin C. McDougald*, for appellant.
*John C. Edwards*, for appellee.