### 77774. HUNT v. SCHMITT.
(379 SE2d 409)

BIRDSONG, Judge.

The appellant/plaintiff won an $18,000 verdict in this personal injury suit. The basic facts are that the plaintiff was struck by defendant's vehicle as plaintiff drove his motorcycle out of the parking lot of a lounge and entered a major thoroughfare in Columbus; the defendant was drunk, having a blood alcohol content of .21 percent. Plaintiff's motion for new trial was denied, and he asserts five errors of law. *Held*:

1. The plaintiff/appellant contends the trial court erred in charging to the jury OCGA § 40-6-73 (failure to yield right-of-way), because "the defendant was not in [plaintiff's] sight or was at least 300 to 400 yards away and consequently there was no duty on Hunt's part to yield to this vehicle."

This statement of alleged error is on its face without merit. The asserted fact that defendant's vehicle was 300 or 400 feet away does not mean, as a matter of law, that there was no duty on the plaintiff's part to yield right-of-way to defendant's vehicle. OCGA § 40-6-73 requires the yield of right-of-way "to all vehicles *approaching* on the roadway to be entered or crossed." (Emphasis supplied.) Whether the duty existed in this case, and whether the plaintiff violated it, are questions of fact.

Moreover, the evidence was in dispute. There was evidence from a third-party witness that the witness was watching the plaintiff on

his motorcycle, and that the plaintiff did not look towards defendant's truck; that when the witness' car "went by" the plaintiff, who had "started rolling" to enter the highway, the witness saw headlights of a truck 100 yards away, give or take, and "at that time I knew [plaintiff] was going to get hit." The witness guessed the speed of the truck to be 45-55 mph. Under the evidence in this case, the criticized charge was required.

2. Appellant contends further that the trial court erred in charging the jury on comparative negligence. The evidence just described in Division 1, infra, authorizes such a jury charge. The plaintiff continues to insist, on appeal, that defendant's truck was a quarter mile away, that defendant was "blind drunk," and that the fact that plaintiff had been drinking, or failed to yield the right-of-way had no causal connection to the collision. But all of these are questions of fact which the jury could believe or not, and has already passed on and evidently considered well in awarding the complaining plaintiff a verdict of $18,000. See *Wakefield v. A. R. Winter Co.*, 121 Ga. App. 259 (174 SE2d 178).

The plaintiff's assertions that he had no duty of care, and hence no negligence, in the circumstances because "[t]he oncoming traffic is supposed to keep a proper look out for the automobiles and persons on the road," is merely argumentative of the facts already decided and is, in any case, not a correct statement of law here, where it is used to excuse a party of any duty whatsoever.

3. Appellant complains of the trial court's failure to admit in evidence statements made to his attorney by him and by the third-party witness. In fact, the plaintiff did use these statements verbally to impeach those persons. The trial court would not admit them into physical evidence because their transcription and circumstances were not proved. For whatever reason, the refusal to admit the physical documents was not error, for they had served their purpose in plaintiff's attempt to verbally impeach; to then physically admit them into evidence would serve only to unduly emphasize them to the jury and give an unfair advantage over the verbal testimony.

4. In view of what we have held here, appellant's remaining enumerations, that the verdict was contrary to the weight of evidence and the law, so that the verdict amount was inadequate according to the evidence, and that the denial of new trial was error, are without merit.

Notwithstanding the appellant's desire to reargue the facts, and his contentions that he had no duty and committed no negligence in the occurrence of this collision, the evidence was very plainly disputed. Even so, the jury rendered a verdict finding defendant liable for an $18,000 portion of plaintiff's claimed damages; if there were further damages the jury obviously found the defendant to be not lia-

ble for them. Without legal error committed which might have affected the amount of damages ascribed to either or both parties, the appellant cannot complain of the amount awarded. See *Beal v. Braunecker*, 185 Ga. App. 429-432 (364 SE2d 308); *Bennett v. Kuhlke & Assoc.*, 156 Ga. App. 110, 113 (274 SE2d 14).

It may be that the jury found the plaintiff in fact had no duty in the circumstances and committed no negligence, and that defendant was liable for all his damages; but that the damages amounted to $18,000. The appellant complains generally that this is not enough, while the jury decided it was. This is so plainly within the jury's province that, without clear bias or legal error, it cannot be questioned on appeal. Accordingly, it cannot be held that the verdict was contrary to the evidence or the law. It is also clear, under the evidence, the plaintiff was not entitled to a directed verdict or new trial.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 7, 1989 —
REHEARING DENIED MARCH 2, 1989 —

*L. B. Kent*, for appellant.
*Ronald W. Self*, for appellee.