A89A1481. SPARLIN CHIROPRACTIC CLINIC, P.C. v. TOPS PERSONNEL SERVICES, INC.

(387 SE2d 411)

BANKE, Presiding Judge.

The appellee, TOPS Personnel Services, Inc., is an employment agency specializing in the placement of temporary employees. The appellant, Sparlin Chiropractic Clinic, P.C., brought the present action against TOPS seeking to recover damages based on allegations that a temporary bookkeeper placed in its employ by TOPS had stolen, forged, and falsified company records. The trial court granted TOPS's motion for summary judgment, and this appeal followed.

Sparlin's business manager contacted TOPS in May of 1986 seeking candidates to fill the position of temporary bookkeeper for the months of June, July, and August of 1986. TOPS thereafter provided Sparlin with the names of three individuals, two of whom Sparlin interviewed for the position and one of whom, Wayne Sacco, it ultimately hired under an arrangement whereby he was to be paid by TOPS for his services. TOPS asserts that it performed "customary reference checks" on Sacco and administered standardized clerical and accounting examinations to him, all with satisfactory results. While TOPS did not conduct a criminal background check on Sacco or obtain a fidelity bond on him, it contends that it was not customary procedure in the temporary placement industry to take such precautions. TOPS submitted evidence that it had placed Sacco in nine other temporary assignments over a two-year period prior to recommending him to Sparlin and had received no complaints about his personal behavior or performance during that period. In opposition to the motion for summary judgment, however, Sparlin submitted evidence showing that one of the previous companies with which TOPS had placed Sacco had reported to TOPS that he had exhibited "poor work performance . . . and unstable personal behavior" and that he had "walked off the job." In addition, Sparlin submitted evidence that in his application for employment with TOPS, Sacco had named as one of his last three employers an accounting firm which had accused him of misappropriating deposits and other property. While TOPS averred that it routinely contacted an applicant's last three employers, it was shown that the company had failed to seek an evaluation of Sacco's work from this employer. *Held*:

1. Sparlin contends that issues of fact remain as to whether TOPS was negligent in hiring Sacco and referring him to Sparlin as a temporary employee. "The standard in negligent hiring cases is whether 'the hirer knew, *or in the exercise of ordinary care should have known*, that the servant was incompetent and that the incompetency resulted in damage to the party to whom the servant was hired.' *Ga. Elec. Co. v. Smith*, 108 Ga. App. 851 (1) (134 SE2d 840) (1964).

(Emphasis supplied.)" *Cherry v. Kelly Svcs.*, 171 Ga. App. 235, 236 (319 SE2d 463) (1984). See generally OCGA § 34-7-20. In the present case, "we cannot say that 'the evidence adduced was sufficient to *demand a finding* as a matter of law that [TOPS] had exercised due care in [hiring Sacco], or that there were no material issues of fact for determination for a jury.' [Cit.]" *Cherry v. Kelly Svcs.*, supra at 236. See also *Harvey Freeman & Sons v. Stanley*, 189 Ga. App. 256 (2) (375 SE2d 261) (1988). Accordingly, we hold that the trial court erred in granting TOPS's motion for summary judgment on the issue of negligent hiring.

2. OCGA § 51-2-2 provides: "Every person shall be liable for torts committed by . . . his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." The test in determining whether one is a servant or independent contractor is whether the employer "*had* the *right*, under the employment, taking into consideration the circumstances and situation of the parties, and the work, to so control and direct him in his work." *Swift & Co. v. Alston*, 48 Ga. App. 649, 651 (173 SE 741) (1933). The evidence of record in the present case revealed that Sacco was being paid by TOPS at the time he committed the alleged wrongful acts and that TOPS controlled his assignments. Under the circumstances, it certainly cannot be said that his alleged misconduct occurred outside the scope of his employment by TOPS. "The fact that the alleged tort was intentional rather than negligent does not, in and of itself, preclude the doctrine of respondeat superior from being considered applicable." *Gaylor v. Jay &c. Chrysler-Plymouth-Dodge*, 183 Ga. App. 255, 256 (358 SE2d 655) (1987). We therefore hold that the trial court also erred in granting summary judgment to TOPS with respect to the issue of its liability under the theory of respondeat superior.

3. The appellant's remaining enumerations of error are rendered moot by the foregoing.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 13, 1989.

*Page & Bacek, Robert C. Edwards*, for appellant.

*Pettigrew & Trippe, Stewart A. Anshell, David R. Trippe*, for appellee.