A92A0969. HALL et al. v. BUCK.
(426 SE2d 586)

ANDREWS, Judge.

This is the second appearance in this court of a dispute arising out of the following facts. The first appearance was in *Southern Gen. Ins. Co. v. Buck*, 202 Ga. App. 103 (413 SE2d 481) (1991).

Viewing the facts in the light most favorable to the verdict, appellant/defendant Hall and appellee/plaintiff Nancy Buck were involved in a vehicular collision in which Buck was injured. At the time of the accident Hall was driving a tractor trailer which was loaded with logs, which extended six feet from the rear of the vehicle.

As a result of the accident Buck sued the driver, defendant Hall, and the owner of the tractor, defendant Geraldine Smith. Buck later amended her complaint to include defendant Cowart, d/b/a A & G Timber Company, the trailer owner. Buck alleged that at the time of the accident Hall was acting within the scope of his employment for defendants Smith and Cowart.

Buck contended that Hall had pulled out in front of her in heavy fog and that she had been unable to see the tractor trailer due to the fact that it had no warning signals on its load. According to Buck, the vehicle did not have its rear lights on, it had no warning flag on the load, the reflectors of the trailer were obscured by the load of logs hanging down, and no log light was on the end of the load. In response to these contentions, the defendants argued that the headlights and taillights of the vehicle were on and a red flag was on the rear of the load; they conceded that no red light was on the rear of

the load. They claimed that Buck was equally negligent in that she was speeding and failed to keep a proper lookout ahead.

At trial, Buck presented evidence that on the morning of September 19, 1988, Hall had stopped at a convenience store on U. S. Highway 280. A number of witnesses testified that the fog was so thick that morning that headlights were necessary.

It was undisputed that Hall pulled out of the convenience store area and reentered Highway 280 immediately before the accident. There was conflicting testimony regarding how far from the store the accident occurred. One witness testified that she came upon debris in the road from the wreck approximately one block from the store. Another witness testified that the accident occurred "several blocks" from the store. Defendant Hall stated that the distance between the accident scene and the store was 720 feet. A photograph contained in the record shows that the accident occurred on a flat, straight portion of the roadway.

Defendant Hall testified that he had his headlights and taillights on at the time of the accident, but that he only used the log lights at night. Hall admitted that the fog was bad enough that he needed his headlights at the time of the accident. He stated that at the time of the accident, the logs were loaded so that they extended from the back of the truck about six feet.

The case was tried to a jury which found appellants jointly liable and returned a verdict in favor of the plaintiff for $425,000.

Appellants Hall and Smith appeal, as does appellant Cowart.

1. Hall, Smith and Cowart claim that the trial court erred in denying their motion for directed verdict as to the applicability of the right-of-way statute, OCGA § 40-6-73, and in charging the jury on that statute. Citing *Harrison v. Ellis*, 199 Ga. App. 199 (404 SE2d 348) (1991), and *Blake v. Continental Southeastern Lines*, 168 Ga. App. 718 (309 SE2d 829) (1983), appellants claim that right-of-way issues were wholly inapplicable in this case. They claim that defendant Hall entered the roadway from the parking area of the store and traveled a distance of more than 720 feet to the area of impact and that there was no evidence in the case to suggest that the collision was caused by any failure of defendant Hall to grant the right-of-way.

Pretermitting the question of whether the fact that Hall and Smith originally submitted a charge on right-of-way to the court estops them from making this argument here, we find the substance of this enumeration without merit. OCGA § 40-6-73 provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed." Whether the duty existed in this case and whether appellants violated it was clearly a question of fact for the jury. See *Hunt v. Schmitt*, 190 Ga.

App. 554 (1) (379 SE2d 409) (1989); *Wilson v. City of Riverdale*, 203 Ga. App. 250 (2) (416 SE2d 825) (1992); compare *Blake*, supra. There was no error in the trial court's denial of the motion for directed verdict, nor in the charge on this issue.

2. In a separate enumeration, Hall, Smith and Cowart claim the trial court erred in denying their motion for directed verdict and charging the jury on OCGA § 40-6-184 (a) (1). That section provides that: "[n]o person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation." Citing *Blake*, supra and *Barnett v. Thomas*, 126 Ga. App. 587, 593 (191 SE2d 450) (1972), appellants claim that this statute was irrelevant to the case and that the injection of this issue requires reversal. Again, there was testimony from which the jury could find that the tractor trailer had not reached a safe speed, the denial of the motion for directed verdict and the charge were proper, and this enumeration is without merit.

3. In three more enumerations, Hall and Smith claim that the trial court erred in denying their motions for directed verdict and charging the jury regarding OCGA §§ 40-8-7; 40-8-23; and 40-8-24. Cowart joins in these arguments with respect to OCGA §§ 40-8-23 and 40-8-24. These sections, in respective order, require that vehicles be in safe mechanical condition, that they be equipped with taillights and that they be equipped with reflectors.

There was no error in the court's charge on these sections. Appellants argue that charging both OCGA §§ 40-8-7 and 40-8-27 (which they concede was properly charged) allowed the jury to speculate as to the meaning of the terms "good working order" and "safe mechanical condition." The trial judge charged the general safe vehicle statute, OCGA § 40-8-7, followed by those specific sections contained within that chapter which were supported by the evidence in the case — the statutes dealing with taillights (OCGA § 40-8-23); reflectors (OCGA § 40-8-24); log lights (OCGA § 40-8-27) and red flags (OCGA § 40-8-27). One of Buck's theories was that the omission of lights and warning signals prevented her from seeing the truck. Accordingly, the court's instructions to the jury regarding the statutes which addressed these issues were proper.

Appellants' argument that the "sole legitimate allegation of negligence" was whether or not a red light was required to be displayed on the rear of the load at the time of the collision was meritless. Unlike the situation in *Newman v. Collins*, 186 Ga. App. 595 (367 SE2d 866) (1988), in this case, one of the primary reasons for the accident was the plaintiff's inability to see the tractor trailer and the load of logs. Although Hall maintained that he had turned on the headlights and the taillights and that both were operating at the time of the accident, there was evidence that witnesses did not see the taillights when

they arrived at the accident scene.

4. In various enumerations, appellants Hall and Smith argue that the trial court erred in several respects in its charge to the jury.

(a) Appellants combine the arguments for four separate enumerations regarding the court's charge on the duty to display headlights (codified in OCGA § 40-8-20) and duty to display a red light on the rear of a projecting load (OCGA § 40-8-27). Essentially, they argue that the combination of omitting the subsections of OCGA § 40-8-20 which did not address visibility, combined with evidence that Hall was using his headlights at the time of the collision, created the impression that taillights were required. This argument is meritless.

OCGA § 40-8-27 states that "[w]henever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle, there shall be displayed at the extreme rear end of the load, at the times specified in Code Section 40-8-20, a red light plainly visible from a distance of at least 500 feet to the sides and rear. The red light required under this Code section shall be in addition to the red rear light required upon every vehicle." A crucial issue in this case was visibility and the charge was supported by the evidence. Appellants' argument that there could be a number of reasons for a driver to display headlights does not change the requirement of OCGA § 40-8-27 requiring taillights if visibility is less than 500 feet.

(b) Appellants' enumerations of error numbers 7 and 8, which concern the court's charges on leading vehicles and on negligence per se, are unsupported by argument and are deemed abandoned. See Court of Appeals Rule 15 (c) (2); *Bruno v. Evans*, 200 Ga. App. 437 (3) (b) (408 SE2d 458) (1991).

(c) In enumerations of error numbers 12 and 13, which appellants argue together, they claim that the trial court erred by failing to instruct the jury regarding the duty of a driver to keep a lookout ahead and regarding the duty of a driver to keep a vehicle under control. Pretermitting the issue of whether appellants waived these objections, we find no error. Appellants have failed to cite the court the specific charges which they requested or to explain in what manner their requested charges were preferable to the exhaustive instructions the trial court gave on general principles of negligence and duties owed. We find that the instructions given were adequate and we find no error.

5. In their final enumeration of error, Smith and Hall claim that the trial court erred by failing to reduce the verdict by $10,000, which was the total amount of personal injury protection benefits which the plaintiff received, instead of simply reducing it by $5,000, which was the amount of basic payments the plaintiff had received for this accident which involved a vehicle weighing more than 6,500 pounds. We find this enumeration without merit. Furthermore, the rule upon

which appellants wish to rely, is that which states that where the plaintiff's no-fault insurer is entitled to subrogation, the collateral source rule does not apply. See *McGlohon v. Ogden,* 251 Ga. 625 (308 SE2d 541) (1983); see generally OCGA § 33-34-3. Pretermitting any questions regarding the substance of this rule, appellants have failed to properly present this argument for review. Not only have they failed to cite the court to any authority regarding this point, the record is also devoid of any evidence regarding the insurance policies upon which appellants rely. Although the parties stipulated that the plaintiff was paid $10,000 in no-fault benefits, we are unable to simply assume these facts and find this enumeration is without merit.

6. Next, we turn to those arguments of appellant Cowart which are not included in the items above. First, Cowart claims that the trial court erred when it denied his motion for directed verdict on the theory of respondeat superior.

Cowart argues that the only evidence admitted on which a factual finding of master/servant relationship could be found is that Cowart informed Hall of where to pick up timber and where to deliver it. Citing *Coastal Timberlands v. Brown,* 141 Ga. App. 800 (234 SE2d 373) (1977), and *Bowman v. C. L. McCord Land &c. Dealer,* 174 Ga. App. 914 (331 SE2d 882) (1985), Cowart claims that there was no evidence that he had the right to control Hall with regard to the time, manner or method of delivering the timber which had been harvested to the particular lumberyard.

Contrary to Cowart's assertions, the trial court's denial of the motion for directed verdict was proper. At the outset, we are aware that there was no dispute that Cowart directed the loading of the logs onto the truck and that Buck's allegations against Cowart included that the logs had been loaded in a negligent manner and created a hazardous condition. It was similarly uncontested that the trailer was owned by Cowart.

With regard to the claims against Cowart based upon a respondeat superior theory, there was evidence that Cowart told Hall where to take each load and when to leave with each load. There was evidence that Cowart instructed Hall regarding what days of the week to haul. The rig was always kept at Cowart's shop when it was not being used. Cowart issued a check to Geraldine Smith for the work and Hall extracted his portion of payment from the check before depositing the balance in Smith's account. In fact, on cross-examination Smith conceded that she stated at her deposition that Hall was working for Cowart at the time of the accident.

"The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contra-

distinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, *it is inferable that the employer has retained the right to control the manner, method and means of the performance of the contract, and that the employee is not an independent contractor.* The test is not whether the employer did in fact control and direct the employee in the work, but it is whether the employer had that right under the employment contract." (Emphasis supplied; citations and punctuation omitted.) *Atlanta Braves v. Leslie*, 190 Ga. App. 49 (2) (378 SE2d 133) (1989); see also *Sparlin Chiropractic Clinic v. TOPS Personnel Svcs.*, 193 Ga. App. 181 (2) (387 SE2d 411) (1989); see generally OCGA § 51-2-4; compare *Coastal Timberlands v. Brown*, supra. Under these circumstances, we find no error in the trial court's denial of the motion for directed verdict.

7. Appellant Cowart also argues that the trial court erred by failing to properly instruct the jury regarding the theories of master and servant. The court charged the jury with respect to OCGA § 51-2-2, which states that: "[e]very person shall be liable for [the wrongful conduct or] torts committed by his wife, his child, or his [employee, at] his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." The court also charged that mere proof of ownership was not sufficient to establish liability against the owner for any injuries and damages that may result from the operation of the vehicle. We are unable to locate a charge which specifically outlines the difference between an employee and an independent contractor.

During the exceptions to the court's charge, Cowart argued that no charge regarding the test for determining whether Hall was an employee or an independent contractor of Cowart was given. Nevertheless, the court said to Cowart's attorney: "[y]ou wrote out and the Court allowed you to file at this late date, an additional request in regard to employer and employee. It was in — it was written out on a yellow legal pad. The Court gave that in charge and that was at the charge conference, requested, and granted by the Court. If you had anything else you wanted to give at that time, then you can — the Court would have certainly have considered it. Whether it would have given it or not, I don't know but I was not requested to give anything further. It has not been requested to give anything further. And the Court feels the charge that was given is adequately adjusted to the evidence in the case."

There is no transcript of the charge conference before us and in the absence of it, we must assume that the court proceeded correctly. *Collins v. State*, 200 Ga. App. 71 (406 SE2d 520) (1991). Although the record contains Cowart's submitted written charges regarding the independent contractor/employee relationship, the exchange with the court indicates that Cowart is estopped from claiming that the trial court erred in this regard and accordingly, we find no error in the court's failure to instruct on this principle.

8. Finally, Cowart argues that the trial court erred by admitting, over objection, evidence regarding the reason that he did not go to the scene of the accident after it had occurred. This enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1992 —
RECONSIDERATION DENIED DECEMBER 16, 1992

*Newton, Smith, Durden & Kaufold, Wilson R. Smith, Doremus, Jones & Smith, Bobby T. Jones*, for appellants.

*Hallman & Associates, Ronald W. Hallman, Beckmann & Pinson, Joseph H. Barrow, Sutton & Associates, Berrien L. Sutton*, for appellee.